## WRIGHT *v.* HORNE.

In an action in the superior court on a promissory note containing a waiver of homestead and exemption, the petition may be amended by alleging, that prior to the institution of the suit the defendant was adjudged a bankrupt, that certain property has been set apart to him as an exemption by the trustee in bankruptcy, and that the plaintiff has not proved his debt in the court of bankruptcy ; and by praying for a special judgment against such exempted property.

Argued April 20, — Decided May 15, 1905.

Complaint.     Before Judge Fite.     Whitfield superior court. October 11, 1904.

*W. H. Odell* and *W. E. Mann*, for plaintiff in error.
*J. M. Rudulph* and *W. C. Martin*, contra.

FISH, P. J.   On March 14, 1904, M. K. Horne brought an action against T. A. Wright, returnable to the April term thereafter of Whitfield superior court, on two promissory notes given by defendant to plaintiff, dated December 9, 1902, and due respectively December 15 and January 15 after date. The petition was framed in accordance with the form prescribed in section 3391 of the Code of 1882, except that it was paragraphed and alleged that the notes contained a waiver by the defendant of the right to avail himself of the benefit of homestead and exemption laws of this State, and that the plaintiff had served the defendant with the notice prescribed by the statute for the collection of attorney's fees.   Defendant filed pleas of partial payment and set-off.   At the October term, the defendant moved to dismiss the case, on the ground " that the court had no jurisdiction of the party and subject-matter, it being admitted that the defendant had been adjudicated a bankrupt on the  .  . day of October, 1903, under the act of Congress relating to bankruptcy."   Plaintiff then offered an amendment to his petition, to the effect that the defendant was adjudicated a bankrupt in October, 1903, and that subsequently an exemption under the laws of this State was set apart to him in specified property by the trustee in bankruptcy; and that plaintiff had never proved his debt evidenced by the notes in the court of bankruptcy.   The amendment prayed for a judgment in rem against the exempted property.   Defendant objected to the allowance of the amendment, on the following

grounds: " 1st. Because there was no suit in court of which the superior court of Whitfield county had jurisdiction of the person or subject-matter, and therefore nothing to amend by.    2d. It was an effort to convert a suit at common law into an equitable action.    3d. It undertook to convert an action in personam into an action in rem, and added a new cause of action."    The amendment was allowed over the objections, and the motion to dismiss the case was overruled.    The case proceeded to trial, and a verdict was rendered for the plaintiff, after allowing defendant a portion of his counter-claim, the amount of the verdict to be made out of the exempted property; and a judgment was entered accordingly. Defendant excepted to the allowance of the amendment, to the refusal to dismiss the case, and to the judgment rendered.

The practice in this State as to the allowance of amendments is very liberal.    " All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may, at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by."    Civil Code, § 5097.    " A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, is enough to amend by. The jurisdiction of the court may be shown, and the details and circumstances of the particular transaction may be amplified and varied by amendment.    If the declaration omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment."    Civil Code, § 5098.    The provisions of the code for granting appropriate relief in all civil cases are equally comprehensive.    " The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require."    Civil Code, § 4833.    " Any person desiring to obtain equitable relief in the superior court may, in a separate suit for that purpose, or in connection with a suit claiming only such remedies or relief as is administered in courts of common law, claim equitable relief by appropriate and suffi-

cient pleadings, and obtain the equitable relief proper in the case." Civil Code, § 4834. "Any person claiming equitable relief may make all necessary parties to secure equitable relief, either at the beginning of his suit, or afterwards by amendment; and may make amendments in matter of form or substance." Civil Code, § 4835.

The original petition showed a plaintiff and a defendant, alleged that the latter resided in Whitfield county, and sufficiently indicated and specified the two notes which defendant had given plaintiff, containing a waiver of homestead and exemption, and which were past due and unpaid, as the cause of action upon which the suit was based. It is clear, therefore, that the petition stated a cause of action and showed that the court to which the suit was brought had jurisdiction both of the defendant and the subject-matter of the action. It is equally obvious that it contained enough to amend by and to authorize all germane amendments. While the petition alleged that the defendant had waived his right to avail himself of the homestead and exemption laws of the State, as against the notes sued on, it failed to allege that the defendant had been adjudged a bankrupt and that an exemption in specified property had been set apart to him, under the laws of the State, by the trustee in bankruptcy. The allegation of such waiver indicated plaintiff's intention to rely upon and to enforce whatever right it gave him to subject defendant's property to the payment of the notes. The fact that defendant had been adjudged a bankrupt placed all his estate in the jurisdiction of the court of bankruptcy, to be there administered, so that none of it could be subjected to any judgment plaintiff might recover on the notes against the defendant bankrupt, except so much of it as was set apart to him by the trustee as an exemption. The title to such exempted property remained in the bankrupt defendant and never passed to the trustee, and after it was set apart the court of bankruptcy had no power to administer it. Lockwood *v.* Exchange Bank, 190 U. S. 294. The plaintiff, therefore, by reason of the defendant's waiver of the benefit of exemption, had the right to subject the property set apart as an exemption by the trustee, provided a judgment for that purpose could be obtained before the defendant was discharged in bankruptcy. In order that he might recover such a judgment, plaintiff offered the amendment to his

petition. The suit was in the superior court, which, as we have seen, the statute declares shall, on the trial of any civil cause, give effect to all the rights of the parties, legal or equitable or both, and apply such remedies, legal or equitable or both, as the nature of the case may allow or require, and in which a party desiring to obtain equitable relief in connection with a suit claiming only such remedy or relief as is administered in courts of common law may claim and obtain such equitable relief as is proper in the case, by appropriate and sufficient pleadings, and, for such purpose, may make all necessary and appropriate amendments, both in matter and form. In view of these provisions of our code, we are of opinion that there was no merit in the objections to the amendment, based on the grounds, that it sought to convert a suit at law into one in equity, and an action in personam into one in rem, and that it added a new and distinct cause of action to the petition. "Relatively to the law of pleading, a cause of action is some particular legal duty of the defendant to the plaintiff, together with some definite breach of that duty which occasions loss or damage;" or, from the standpoint of rights, "Relatively to the law of pleading, a cause of action is some particular legal right of the plaintiff against the defendant, together with some definite violation thereof which occasions loss or damage." *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 699, 670; *City of Columbus* v. *Anglin*, 120 *Ga.* 785. See also *Western & Atl. R. Co.* v. *Burnham*, ante, 28. The cause of action set out in the petition in the present case was the duty of the defendant to pay the plaintiff the amount due on the notes set out in the petition in accordance with their tenor, together with a breach of that duty by the defendant, by his failure to pay the notes when due, and the resulting damage to the plaintiff. The amendment did not change this cause of action. It merely set forth additional facts going to show that, notwithstanding the defendant had been adjudged a bankrupt, there was certain property of his which, owing to its having been set apart, under the laws of this State, to him, by the trustee in bankruptcy, as an exemption, was beyond the jurisdiction of the bankrupt court, and which, by virtue of the waiver of homestead and exemption contained in the notes sued on, and the fact that the plaintiff had not proved the debt in the bankrupt court, was subject to the payment of the plaintiff's claim, under a proper judg-

ment; and prayed, in view of the additional facts alleged, for such a judgment so subjecting this particular property. It seems to us obvious that the amendment did not set forth a new and distinct cause of action, but merely sought a different judgment upon the same cause of action.

Counsel for plaintiff in error cited *Long* v. *Bullard*, 59 *Ga.* 355, wherein it was held: "Complaint upon a promissory note, in the statutory form, can not be amended by adding count setting up that plaintiff held title to certain property as security for the payment of the debt sued on, and therefore praying that such property might be sold, the note sued on paid out of the proceeds, and the surplus turned over to defendants. The cause of action thus set up is new, and a new judgment is prayed." Also *Broach* v. *Kelly*, 66 *Ga.* 148, wherein a similar ruling was made. It is sufficient to say that those decisions were rendered prior to the passage of the acts of 1885 and 1887, the provisions of which are codified in sections 4834, 4835, and 4833 of the Civil Code, which we have quoted, and prior also to the adoption of section 5098. *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628, and *Hudson* v. *Lamar Drug Co.*, 121 *Ga.* 835, were also cited by counsel for plaintiff in error. It was held in these cases, that pending the bankruptcy proceedings the holder of a note containing a waiver of homestead has no remedy at law, but must enforce his rights arising from the waiver in a court of equity. The latter case was brought in a city court, which had no equitable jurisdiction, and in the former case it was held, in effect, that under the facts an equitable petition for receiver, etc., could be maintained, because the petitioner had no adequate remedy at law. The question of amendment was not involved in either of the cases. As the amendment in the present case was properly allowed, the court rightly overruled the motion to dismiss the case.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*