## 11630. COMMERCIAL CITY BANK *v.* MITCHELL.

JENKINS, P. J. 1. A tort is a legal wrong committed upon the person or property of another, independent of contract. But an action in tort may be maintained for the violation of a duty flowing from relations between the parties created by contract (*Payne* v. *Watters,* 9 *Ga. App.* 265 (70 S. E. 1114); *Fain* v. *Wilkerson,* 22 *Ga. App.* 193 (95 S. E. 752), or on account of wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury. Civil Code (1910), § 4410.

2. While it is true that in a suit on contract an agent cannot be joined as codefendant for the purpose of enforcing the terms of the contract made on behalf of the principal by the authorized agent acting solely in his representative capacity, yet where the suit is not based on contract but is one in tort for deceit on account of alleged wilful misrepresentation of material facts, knowingly made on behalf of the principal by his authorized agent, for the purpose of defrauding the plaintiff, then both the principal, on whose behalf the alleged wilful misrepresentations were made, and the agent alleged to have been the actual perpetrator of the deception can be joined in the same action.

3. Where a petition is in substance one of deceit and the allegations embrace every essential element of an action of that character, it can be sustained as such, although the form of the petition be in part appropriate to an action on contract. *Chattanooga &c. R. Co.* v. *Palmer,* 89 *Ga.* 161 (15 S. E. 34). Thus, where a petition is in no wise actually predicated upon any warranty, express or implied, but is based throughout upon the contention that the payee of certain promissory notes, with knowledge that they had been fully satisfied, proceeded through its authorized agent to induce the plaintiff to purchase them by means of knowingly false and fraudulent representations to the effect that the notes were unpaid and represented valid outstanding obligations, and where it appears, from the allegations of the petition, that such knowingly false and fraudulent representations were in good faith accepted and relied on by the purchaser, to his hurt and injury, a good cause of action in tort for deceit is set forth. *Gordon* v. *Irvine,* 105 *Ga.* 144 (31 S. E. 151).

(*a*) A different construction as to the nature and character of the action would not be required merely because the amount of the damages sued for as constituting "the actual loss sustained" may in fact correspond with what the principal defendant might have been liable for in an action under the warranty of the contract, or in an action for a rescission. Thus, in an action of deceit, plainly setting forth every

element essential to a cause of that nature, where the petition says that the defendants "have defrauded and deceived your petitioner, and have injured, damaged, and become liable to your petitioner in the full amount of the actual loss sustained by your petitioner by reason thereof, to wit:" (naming the amount with interest, which in fact corresponds with the purchase-price), and where judgment is prayed for in such named amount, the effect of the petition would be to require the plaintiff to prove, as the measure of his "actual damages," the difference between the value of the sold thing at the time of delivery and what would have been its then value if the representations made by the defendants had been true (*Millirons* v. *Dillon*, 100 *Ga.* 656, 28 S. E. 385; *James* v. *Elliott*, 44 *Ga.* 237), he being limited in his recovery under such proof to the amount actually named in the petition.

4. Such petition founded in tort for deceit would be as good as such, though disclosing also that prior to the suit there had been an offer to rescind by the purchaser which was refused by the seller. Although it is true that a party cannot resort to inconsistent remedies, even of the same nature, and the rescission of a contract is inconsistent with an action for deceit, for the reason that a rescission would amount to a repudiation of the contract, while an action of deceit presupposes its affirmance (*Bacon* v. *Moody*, 117 *Ga.* 207, 43 S. E. 482; 12 R. C. L. 497), still a mere offer to rescind, where it does not appear that any advantage has been thus gained or detriment occasioned, or that the party making the offer has sought in any way to enforce the terms of his proposal, would not of itself alone constitute such an election of remedies as would work an estoppel and prevent the one making the rejected offer from thereafter actually resorting to another and inconsistent remedy.

5. The fact that the notes purchased by the plaintiff may have been indorsed over to him "without recourse" would not prevent the maintenance of such an action of deceit, since the nature of such a complaint is not for breach of any warranty. *Brooke* v. *Cole*, 108 *Ga.* 251 (33 S. E. 849). Even assuming that an indorsement without recourse would preclude the bringing of a suit on contract for the breach of an expressed or implied warranty (but see 8 C. J. 369, § 550), such would not be the case here, since an action of this sort is predicated solely on the alleged wilful misrepresentation of a material fact, made to induce the purchaser to act, and upon which he did act to his injury, and it is entirely immaterial whether the purchaser warranted the property or not, or whether he relieved himself from the implied warranty imposed by law.

6. In accordance with the foregoing principles of law, the court correctly construed the petition as an action good in tort for deceit. There was consequently no misjoinder of parties or of causes, and the demurrers were properly overruled.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 13, 1920.

Action for damages; from city court of Americus — Judge Harper. May 5, 1920.

*Shipp & Sheppard, Wallis & Fort,* for plaintiff in error.

*W. W. Dykes, Hixon & Pace,* contra.