### 15061. BYRD *et al. v.* FREEMAN.

An agent may be sued in trover because of a conversion made by him for his principal; and they may be joined as defendants.

A verdict for the plaintiff was authorized by the evidence, but, according to definite and specific testimony of the plaintiff's witness as to value, the amount of the verdict is excessive, though a general estimate of value by the same witness was the amount of the verdict. Direction is given as to writing off the excess.

DECIDED APRIL 19, 1924.

Trover; from city court of Statesboro—Judge Proctor. September 1, 1923.

*Hinton Booth, Francis B. Hunter,* for plaintiffs in error.

*Deal & Renfroe, Charles Pigue,* contra.

JENKINS, P. J. This was a suit in trover to recover seven bales of cotton, which the plaintiff claims were illegally converted, and which the defendants claim were purchased of the plaintiff through one of the defendants, acting as agent for the other, and applied on a debt to the latter owing by the plaintiff.

1. The testimony upon the question of sale or conversion was in conflict, but the evidence was sufficient to authorize a verdict in plaintiff's favor upon that issue.

2. An agent may be sued in trover on account of an illegal conversion of property made in behalf of the principal. *Miller* v. *Wilson,* 98 *Ga.* 567 (1) (25 S. E. 578, 58 Am. St. Rep. 319). And while, in a suit on contract, the principal and his agent cannot be

joined in the same action, the rule is different in an action sounding in tort. *Commercial City Bank* v. *Mitchell*, 25 *Ga. App.* 837 (105 S. E. 57). The evidence for the plaintiff was such as authorized a finding that both of the defendants were parties to the alleged conversion. The charge of the court upon the subject of agency was more favorable to the alleged agent than he was entitled to, under the above statement of the law.

3. While there was testimony by a witness for the plaintiff that the value of the cotton sued for was in the amount of the verdict now excepted to, the testimony referred to was in general terms only, and the evidence of this witness plainly indicated that the value of the number of pounds of cotton sued for could not amount to more than $610.42 at the price sworn to by him. This definite and specific testimony should necessarily outweigh his mere general estimate of value; and direction is given that, should the plaintiff write off from the judgment the amount of the recovery in excess of $610.42 by the time the remittitur from this court is made the judgment of the court below, the judgment of that court shall stand affirmed; otherwise the judgment is reversed. The costs of the writ of error are taxed against the defendant in error.

*Judgment affirmed on condition. Stephens and Bell, JJ., concur.*