## BUSH v. WINCHESTER-SIMMONS COMPANY.

HILL, J. 1. The bill of exceptions in this case will not be dismissed in this court, on motion of the defendant in error, on the ground that the question raised by the bill of exceptions has become moot for the alleged reason that the judge of the district court of the United States for the northern district of Georgia has denied the homestead of the plaintiff in error, and that no appeal has been taken from the decision denying the exemption, and that the time allowed by law within which to file such appeal has expired.

2. "A creditor holding a waiver of exemption from his debtor, but having no lien, may apply for a stay of discharge in a court of bankruptcy, and the State court will impound the property set apart in a court of bankruptcy upon the claim for exemption, and subject it to the plaintiff's demand when he obtains a lien. *Bowen* v. *Keller*, 130 *Ga.* 31 (60 S. E. 174, 124 Am. St. R. 164) ; *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628 (48 S. E. 150)." *McBride* v. *Gibbs*, 148 *Ga.* 380, 384 (96 S. E. 1004). Applying the principle ruled above to the facts of this case, the court did not err in granting an injunction and in appointing a receiver.

*Judgment affirmed. All the Justices concur.*

No. 4253. DECEMBER 22, 1924.

Injunction and receivership. Before Judge Munro. Muscogee superior court. February 23, 1924.

The Winchester-Simmons Company brought its action on February 1, 1924, returnable to the May term, 1924, of the superior court of Muscogee County, against C. P. Bush, on two promissory notes containing a waiver of homestead exemption, and prayed for injunction, receiver, and judgment against the defendant on the notes, and a decree for payment thereof out of the property claimed

28

as exempt by the defendant. On February 1, 1924, the judge of the trial court ordered the defendant to show cause why the relief prayed for in the petition should not be granted, and further ordered that "the defendant, his agents, attorneys, and any and all persons, firms, and corporations, to whom the defendant may have assigned his homestead exemption since said bankruptcy proceedings herein referred to, be enjoined and restrained as prayed in said petition." From the bill of exceptions it appears that on February 16, 1924, the hearing to show cause was had. The only evidence submitted to the court was uncontradicted, and was as follows: On June 20, 1923, C. P. Bush executed and delivered two certain promissory notes, each for the principal sum of $125.30, in which was the following assignment: "And for and in consideration of one dollar cash, and the further consideration of renewing our admitted indebtedness to the payee of this note, each of us hereby sell, assign, and convey to the owner of this note a sufficient amount of my, or our, homestead and exemption to pay this note in full, principal and interest, attorney's fees and costs; and I, or we, hereby request and direct the trustee to deliver to the owner of this note a sufficient amount of property, or money claimed as exempt, to pay this debt." Neither of these notes has been paid. Subsequently to the giving of these notes an involuntary petition in bankruptcy was filed against C. P. Bush, and he was adjudged a bankrupt in the United States district court for the northern district of Georgia, and said bankruptcy proceeding is now pending before the referee in bankruptcy. C. P. Bush has applied, in said bankruptcy proceeding, to have certain property set aside to him as a homestead exemption. His application has been approved by the referee, but certain creditors have excepted to the ruling of the referee and have petitioned for a review by the judge of the district court, who has not yet rendered a decision. The property claimed by C. P. Bush as exempt is now in the possession of the trustee in bankruptcy, and is being held subject to the order of the bankruptcy court. After hearing the above evidence the judge of the superior court, on February 23, 1924, ordered "that the temporary restraining order granted on the first day of February, 1924, be continued and the defendant be enjoined and restrained from taking charge of the homestead property described in said petition and exhibits thereto; that E. H. Johnson be and he is

hereby appointed temporary receiver to take charge of said home-stead as soon as the same can be turned over to the trustee in bank-ruptcy, and hold the same subject to the further order and the final judgment that may be rendered in said cause." To this judgment C. P. Bush excepted.

The defendant in error moved to dismiss the bill of exceptions, for the reason that the questions raised for decision were moot and neither of the parties could be benefited by any decision that might be rendered in said cause. The ground for dismissal is as follows: "That since the filing of the bill of exceptions in the above stated case, the Hon. Samuel H. Sibley, judge of the district court of the United States for the northern district of Georgia, has denied the homestead of the plaintiff in error, and that no appeal has been taken from said decision denying said exemption, and the time allowed by law within which to file such appeal has expired."

*Hatcher & Hatcher,* for plaintiff in error.

*McCutchen, Bowden & Gaggslatter,* contra.