## MAULDIN *v.* LEXINGTON ROLLER MILLS INC.

BELL, Justice. 1. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Livingston* v. *Barnett*, 193 *Ga.* 640 (19 S. E. 2d, 385).

2. "An amendment to a petition adding a new cause of action should not be allowed, and if improvidently allowed may be stricken on motion; but if such an amendment has been regularly allowed and filed, and the petition as amended sets forth a cause of action, the same should not be dismissed on motion on the ground that the amendment adds a new cause of action." *Dyson* v. *Southern Railway Co.*, 113 *Ga.* 327 (4) (38 S. E. 749).

3. "In order to authorize this court to reverse a judgment allowing an amendment to a pleading, the record must show not only that objection to the allowance of such amendment was made at the time the same was allowed, but also the ground of such objection." *Aycock* v. *Williams*, 185 *Ga.* 585, 588 (196 S. E. 54).

4. Accordingly, a demurrer to a petition as amended will not raise the question as to whether the original petition contained enough to amend by, or whether the amendment stated a new and distinct cause of action, or for other reason should have been disallowed on proper objection; but in such case, if the petition states a cause of action after amendment, it is not erroneous to overrule a general demurrer to the petition as amended, whether it be a new demurrer or a renewal of an original demurrer. See *Aycock* v. *Williams*, supra; *Tingle* v. *Maddox*, 186 *Ga.* 757 (198 S. E. 722); *Laslie* v. *Gragg Lumber Co.*, 184 *Ga.* 794 (2), 803 (193 S. E. 763, 113 A. L. R. 932); *Greene* v. *Kelly*, 193 *Ga.* 675, 679 (19 S. E. 2d, 718); *Elrod* v. *Hulett*, 62 *Ga. App.* 659 (3), 662 (9 S. E. 2d, 279).

5. "A creditor holding a waiver of exemption from his debtor, but having no lien, may apply for a stay of discharge in a court of bankruptcy, and the State court will impound the property set apart in a court of bankruptcy upon the claim for exemption, and subject it to the plaintiff's

demand when he obtains a lien." *McBride* v. *Gibbs*, 148 *Ga.* 380, 384 (96 S. E. 1004); *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628 (48 S. E. 150); *Wright* v. *Horne*, 123 *Ga.* 86 (51 S. E. 30); *Bush* v. *Winchester-Simmons Co.*, 159 *Ga.* 433 (2) (126 S. E. 8).

6. Under the principle just quoted, as applied to the instant case, the petition as amended stated a cause of action for some of the relief sought; and no objection having been made to the allowance of any of the amendments, the court did not err in overruling either the renewed or the *new* general demurrer to the petition as amended.

*Judgment affirmed. All the Justices concur.*

No. 14324. DECEMBER 2, 1942.

*Burress & Dillard,* for plaintiff in error.
*Carl T. Hudgins,* contra.