33311. HARDY *v.* LEONARD *et al.*

Decided December 5, 1950.

*Randall Evans Jr.,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Price & Spivey, D. N. Brown,* for defendants.

GARDNER, J. The court passed upon grounds 3 and 4 of the defendant corporation's special demurrers, which were that there was a misjoinder of parties defendant, and because the action is brought against the corporation and its agent and that an action such as the one set out in the petition can not be brought against the principal and agent, but the plaintiff must elect the one against whom he will proceed. This defendant had also demurred specially to the plaintiff's petition on the ground that it did not appear whether the alleged warranty sued upon was written or oral, and if written, no copy was attached, and if oral, the grounds thereof were not set out, and to meet this ground of special demurrer, the plaintiff amended his petition and set up that the warranty relied and sued upon was the implied warranty, set out in Code § 96-301 (2), and that the alleged defects were latent. In these circumstances, there is no merit in the contention of the plaintiff that this defendant did not properly renew its demurrers to the petition. The court has not passed upon any of the grounds of the special demurrers of this defendant. The plaintiff met the first two grounds thereof and cured the defects pointed out, but the amendment did not relate to grounds 3 and 4 and the defects pointed out and attacked thereby. It was not necessary that the defendant endorse on the back of the original demurrer that it was renewing same to the petition as amended. The grounds of special demurrer that there was a misjoinder of parties defendant and that the action was not properly one against the principal and the agent and that the plaintiff should be required to elect against which one of the defendants he desired to proceed had not been passed upon by the court and had not been before the court until August 19, 1950. While it is true that the plaintiff materially amended his petition, he did so upon his own volition and the grounds of special demurrer sustained by the court and now complained of were not met by this amendment, but other grounds of special demurrer (1 and 2) were met by the amendment. The case of *Mauldin* v. *Lexington Roller Mills,* 195 *Ga.* 122 (23 S. E. 2d, 429), and similar authorities, to the effect that after a petition

has been amended in a material respect a demurrer to the petition must be renewed as to the petition as amended in order to be considered, have no application.

There is no merit in the contention that the grounds of special demurrers 3 and 4 were general and were not complete and understandable. In ground 3 of the demurrer, the defendant demurred on the ground that there is a misjoinder of parties defendant and in ground 4 it demurs to the petition because the action is one against principal and agent and it appears that the same is not such an action as can be brought against the principal and agent and that the plaintiff must elect whether he shall proceed against the principal or against the agent. These two grounds of demurrer are special and are complete and understandable. In fact they could have been incorporated as one ground. There were only two defendants, the principal and the agent. The petition could only be demurred to because the two defendants were improperly joined, that is, the defendant principal was improperly joined with the defendant agent. Grounds 3 and 4 of the special demurrer were sufficiently in compliance with the principle of the cases cited by plaintiff in error of *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 557 (34 S. E. 2d, 811), *Alford* v. *Davis,* 21 *Ga. App.* 820 (4-a) (95 S. E. 313), and *Shingler* v. *Shingler,* 184 *Ga.* 672 (191 S. E. 824). But it is insisted by the plaintiff in error that the action is properly one against the principal and the agent in that the action is in tort and not in contract. It is contended that the case is one where the action is in tort for the violation of a right or breach of a duty growing out of a contract, and is properly brought against the defendants, principal and agent, in the same action (citing *Wilkinson* v. *Rich's Inc.,* 77 *Ga. App.* 239 (2), 244, 48 S. E. 2d, .552; *Fain* v. *Wilkerson,* 22 *Ga. App.* 193 (2), 95 S. E. 752; *Commercial City Bank* v. *Mitchell,* 25 *Ga. App.* 837 (2), 105 S. E. 57; *Byrd* v. *Freeman,* 32 *Ga. App.* 112, 122 S. E. 630). It is true that an action ex delicto may arise from a breach of duty arising out of a contract. However, here the action is not one sounding in tort, but is ex contractu. The plaintiff is seeking damages caused by a breach of the contract, that is, the breach by the defendants of the alleged implied warranty. The damages sought are such as flow directly from the contract between

the parties, wherein the defendants are charged with breaching the implied warranty that the truck was suitable for the uses intended, and that as a result of this breach, the plaintiff has been damaged in the sum of $1000, said truck not being worth, by reason of the breach, the price paid under the contract of $1819.94, but worth only $819.94. Learned counsel for the plaintiff concedes that "if our suit can be denominated as one on contract, then we have no right to sue the principal and agent in the same action." See *Davis* v. *Menefee*, 34 *Ga. App.* 813 (131 S. E. 527). The damages sought here were ex contractu damages. See *Howard* v. *Central of Ga. Ry. Co.*, 9 *Ga. App.* 617 (71 S. E. 1017). It will be assumed that the truck purchased, if it had been suited to the uses intended, was worth $1819.94, the amount which was paid to the defendants for same, but that by reason of the breach by the defendants of their warranty, implied by law as set out in Code § 96-301 (2), the truck was worth only $819.94, and that therefore the defendants damaged the plaintiff in the amount of $1000. The defendants contracted that the truck was worth $1819.94 and the plaintiff paid this sum for it, and by reason of the breach by them of the contract, there being embodied in the contract this implied warranty that the truck was reasonably suited to the uses intended by the purchaser, the truck was worth only $819.94, to the plaintiff's injury in the sum of $1000. Code § 105-101 defines a tort as the unlawful violation of a private legal right, other than a mere breach of contract, express or implied. While it is true that a tort may arise by reason of an obligation created by contract, there must result from the breach by the defendant of the duty imposed some injury to the plaintiff's person or·property. In the cases cited by the plaintiff there was an injury sustained by the plaintiff to his property, not a partial failure of the consideration due to the breach by the defendants of their implied warranty. In the case of *Wilkinson* v. *Rich's Inc.*, supra, personal injuries were involved. In the case of *Fain* v. *Wilkerson*, supra, the action was for conversion of the property. Surely this was a tort. The case of *Lightfoot* v. *King*, 25 *Ga. App.* 80 (2) (102 S. E. 468), has no similarity to the case at bar, under the rulings and facts.

It is our opinion that the action was one ex contractu and

that the trial judge did not err in sustaining the special demurrers 3 and 4 thereto that there was a misjoinder of parties defendant and that the plaintiff having elected not to amend to meet the demurrer, the petition was properly dismissed.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*