34501. ATLANTA GAS LIGHT COMPANY *v.* NEWMAN.

DECIDED MAY 5, 1953—REHEARING DENIED MAY 26, 1953.

*Fulcher, Fulcher & Hagler, Moise, Post & Gardner,* for plaintiff in error.

*Heard Robertson, Eugene T. Gilbert Jr.,* contra.

FELTON, J. ■ The petition, properly construed, alleged a breach of a contract to furnish gas to the plaintiff. We recognize that in some contracts duties arise between the parties the violation of which would constitute a tort. However, such duties do not arise in every contract. *Manley* v. *Exposition Cotton Mills,* 47 *Ga. App.* 496 (1) (170 S. E. 711); *Milledge-*

*ville Water Co.* v. *Fowler,* 129 *Ga.* 111 (58 S. E. 643) ; 38 Am. Jur., Negligence, 661, § 20; 65 C. J. S., Negligence, 344, § 4 b (3). "Where the breach complained of is simply the neglect of a duty such as is expressly provided for by the contract itself, the action will be construed and treated as one brought ex contractu." *Fain* v. *Wilkerson,* 22 *Ga. App.* 193, 194 (2) (95 S. E. 752) ; *Howard* v. *Central of Georgia Ry. Co.,* 9 *Ga. App.* 617 (71 S. E. 1017). The duty of the defendant to furnish the plaintiff with gas arose solely through their contract (*Atlanta Gas Light Co.* v. *Jennings,* 86 *Ga. App.* 868, 72 S. E. 2d 735) ; and the remedy of the plaintiff for a breach of that duty, even though the breach is occasioned by the defendant's negligence, is in contract and not in tort. *Louisville & Nashville R. Co.* v. *Spinks,* 104 *Ga.* 692 (30 S. E. 968) ; *Milledgeville Water Co.* v. *Fowler,* supra; *Howard* v. *Central of Georgia Ry. Co.,* supra; *Fain* v. *Wilkerson,* supra; *Perry* v. *Griffin,* 39 *Ga. App.* 170, 171 (2) (146 S. E. 567) ; *Monroe* v. *Guess,* 41 *Ga. App.* 697, 698 (1) (154 S. E. 301) ; *Manley* v. *Exposition Cotton Mills,* supra; *Hardy* v. *Leonard,* 82 *Ga. App.* 764 (62 S. E. 2d 437) ; 1 Am. Jur., Actions, 443, § 51; 1 C. J. S., Actions, 1112, § 49 c.

■ The defendant contends that the general demurrer should have been sustained because the damages alleged, loss of profits, are too remote and speculative to be recoverable. The defendant cites numerous cases to support its contention that prospective profits are too speculative to be a subject for damages. While we will consider those cases more in detail later in this opinion, it is well to note here that those cases preface their statements that loss of prospective profits is too speculative to form a basis for recovery by the words "generally" and "as a general rule," etc. "As a general rule the expected profits of a commercial business are too uncertain, speculative, and remote, to permit a recovery for their loss. However, the loss of profits from the destruction or interruption of an established business may be recovered for if the amount of actual loss is rendered reasonably certain by competent proof, but in all such cases it must be made to appear that the business which is claimed to have been interrupted was an established one, that it had been successfully conducted for such a length of time, and had such a trade established, that the profits thereof are reasonably ascertain-

able." 25 C. J. S. 518, § 42 b. It is not the rule in this State that all profits are too remote and speculative to be recoverable. "The profits of a commercial business are dependent on so many hazards and chances, *that unless the anticipated profits are capable of ascertainment,* and the loss of them traceable directly to the defendant's wrongful act, they are too speculative to afford a basis for the computation of damages." (Emphasis supplied.) *Cooper v. National Fertilizer Co., 132 Ga.* 529, 535 (64 S. E. 650). Therefore, each case must be examined to see if under its particular facts the profits involved are capable of reasonable ascertainment. We feel that the instant case is not one that falls within the "general rule." The plaintiff alleges that he had operated all three locations for one year prior to the interruption of the gas service; that during such time they had operated at capacity; that, had it not been for the interruption of the service, operation would have continued at capacity; that the calculations of the lost profits were based on the operations of the plants for the year prior to the interruption of service; and that the profits during such year had not materially fluctuated. One location was shut down for approximately two days, another for approximately three days, and the other for approximately four days. Nothing appears in the petition to refute the allegation that the plaintiff would have operated at capacity during those days had its gas supply not been interrupted. Under the circumstances as alleged, we think that the plaintiff might prove with reasonable certainty the loss of profits.

In *Cooper v. Young,* 22 *Ga.* 269 (68 Am. D. 502), the court did not base its disallowance of prospective profits on the theory that they were too remote and speculative to be ascertainable, but said: "When he undertakes as a common carrier, he undertakes in view of the liability which the law annexes to the character of common carriers, for a breach of their contracts; and the owner, when he commits his goods to him, does it likewise with a view to the redress which the law entitles him to against the carrier, if he make default." The court also stated that it saw no reason to extend the announced rule to include as damages the loss of profits. In *Coweta Falls Mfg. Co. v. Rogers,* 19 *Ga.* 416 (65 Am. D. 602), the plaintiff's plant had to suspend operation for two months. The court said: "But was the basis

upon which this judgment was rendered maintainable? It was founded almost exclusively upon speculative profits; it was a calculation upon conjectures, and not upon facts. *We will not say that there is no case where the allowance of damages upon expectant profits is inadmissible;* but we are quite sure that this is not one of them; the gains were too remote and uncertain, depending upon a variety of contingencies, the failure of any one of which would subvert the whole computation. Who will undertake to say and swear that a cotton factory in Georgia will pay expenses, much less yield a certain amount of net profits, for any given period?" (Emphasis supplied.) The other decisions cited by the plaintiff in error are mostly cases where sustained operations over a period of time at a constant rate of profit were not shown, or where the interruption was of such a length of time as to allow other speculative elements such as seasonal slumps to enter the situation.

It is also contended that the damages in loss of profits were not recoverable because they were not within the contemplation of the parties at the time of the contract. The petition alleges: "That at all times herein mentioned, the defendant by the exercise of ordinary diligence would have known that any interruption by it of plaintiff's gas service would result in the shutting down of plaintiff's said laundries, and in damages to the plaintiff as are hereinabove set forth, and that it was within the contemplation of the plaintiff and of the defendant that the tortious acts of the defendant, hereinabove referred to, would result in damages to the plaintiff as hereinabove set forth." Where the defendant entered into a contract with the plaintiff to furnish gas with which the plaintiff was to operate his business for profit, it was within the contemplation of the parties that, if the defendant failed to furnish such gas, the plaintiff's operations would be suspended with a resultant loss of profits. The petition alleged a good cause of action for damages for loss of profits, as against a general demurrer. *Hoffman* v. *Louis L. Battey Post,* 74 *Ga. App.* 403 (39 S. E. 2d 889).

The plaintiff seeks to recover, in addition to lost profits, his expenses of operation, such as salaries, rent, etc. He can not recover his lost net profits and also the expenses of operation in earning such net profits. *Anderson* v. *Hilton & Dodge*

*Lumber Co.,* 121 *Ga.* 688 (4) (49 S. E. 725) ; *Gibbs* v. *H. T. Henning Co.,* 189 *Ga.* 675, 678 (5) (7 S. E. 2d 238) ; *Tygart* v. *Albritton,* 5 *Ga. App.* 412, 415 (3) (63 S. E. 521). The special demurrers pointing out such defect should have been sustained.

■ While the plaintiff sufficiently alleges his damages for loss of profits, as against a general demurrer, he does not sufficiently allege how such figures were arrived at to withstand a special demurrer pointing out such defect and calling for allegations of facts showing how the profits were computed. The plaintiff does allege items of expense of operation, but they are alleged as measures of damages and not as facts showing how the figure of net profits sued for was arrived at; and, as they now stand alleged, they are not sufficient to meet the defect pointed out by the special demurrer. The court erred in overruling such special demurrer.

■ The defendant contends that, under the rules and regulations of the Georgia Public Service Commission, it was authorized under the facts alleged to interrupt its service to the plaintiff. This court can not take judicial notice of such rules. Code § 93-504; *Shurman* v. *City of Atlanta,* 148 *Ga.* 1 (3) (95 S. E. 698) ; *Clements* v. *Seaboard Airline Ry. Co.,* 158 *Ga.* 764 (1b) (124 S. E. 516) ; *Cone* v. *State,* 184 *Ga.* 316, 325 (3) (191 S. E. 250) ; *Crouch* v. *Fisher,* 43 *Ga. App.* 484 (3) (159 S. E. 746). If the defendant was so authorized by the Public Service Commission rules, it will have to set such up as a matter of defense.

The court did not err in overruling the general demurrer.

The court erred in overruling the special demurrers treated in the opinion.

*Judgment affirmed in part and reversed in part. Townsend and Worrill, JJ., concur. Sutton, C. J., disqualified.*