42271. SPINDEL v. KIRSCH et al.

DEEN, Judge. 1. An action for deceit lies where one has been induced to enter into a contract as the result of the fraudulent misrepresentations of another and where, on discovery of the fraud, he elects to affirm the contract and sue for damages. *Mosely v. Johnson,* 90 Ga. App. 165 (82 SE2d 163). In such an action the measure of damages is the actual loss sustained by the plaintiff, and if the contract is one of purchase and sale the "actual damages" are the difference between the value of the thing sold at the time of delivery and what would have been its value if the representations made by the defendants had been true. *Commercial City Bank v. Mitchell,* 25 Ga. App. 837 (3a) (105 SE 57).

Such an action must be based upon actual fraudulent misrepresentations as to existing facts, upon which the plaintiff relied as an inducement in entering into the contract, and by which he was damaged. "Fraud cannot be predicated upon statements which are promissory in their nature as to future acts." *Beach v. Fleming,* 214 Ga. 303, 306 (104 SE2d 427).

2. The plaintiff here alleged that, by means of fraudulent misrepresentations as to the financial means of the defendant Joseph Benamy and promises the defendants had no intention of keeping that plaintiff would be rewarded "in many and various future ventures," the defendant Kirsch induced the plaintiff to sell his property in Virginia and move to Atlanta; that they and another person then formed a partnership for the purpose of building single and multiple dwelling houses and to this end set up two corporations un-

der a pre-incorporation agreement that they would share equally in the corporate profits and losses. The proof showed that, as a result of the various enterprises and continuing representations made to him, the plaintiff, who was an architectural engineer, contributed services to the corporations for which he received salary through a drawing account but later repaid the money to the corporation in an effort to keep it solvent. A long series of transactions between the parties is detailed in the testimony, in the course of which Spindel, after he realized that Benamy had no such financial means as he was originally led to think, continued to work with the corporations and put money into them, signed notes which are the subject of Kirsch's cross action, voluntarily paid back into the corporations funds which he had drawn for services, and acknowledged that no profits had been made in which he should have participated under the partnership agreement, although he contended that this was due to the fact that funds were drawn off and placed in other ventures by the defendants. None of these amounts, however, was proved. In his petition, Spindel sought $40,000 as actual damages and $250,000 as punitive damages, being: (1) the necessity of selling his home in Portsmouth, Virginia, and moving to Atlanta; (2) the necessity for raising funds "to comply with the requirements of defendants upon him" which caused him to sell certain shares of stock on a low market at $8.00 per share whereas the value of the stock later increased to $40 per share, and "countless hours spent preparing, designing and submitting plans to the defendants herein for various building projects for which labor, effort, and professional skill your petitioner has never been paid any compensation." Upon the trial of the case the court directed a verdict against the plaintiff, which judgment he contends was error. (The case proceeded to trial before the court, jury trial having been waived on this issue, on the plaintiff's liability to the defendant on a note, but there is no insistence on error in the judgment against the plaintiff as to this amount.)

3. Applying the law stated in the first headnote to the facts of this case, it is obvious that a verdict was properly directed against the plaintiff. The sale of the house and some stock in Virginia in order to enable the plaintiff to come to Atlanta and enter into the partnership were simply expenses incurred

preparatory to entering into the contract, but were not the actual damages, which latter would have been the difference between the value of the contract to the plaintiff if the representations had been true and the value received by the plaintiff from the contract, if any. The court correctly excluded evidence on the sale of the plaintiff's Virginia home and stock, and there was no proof as to the value of the contract. The plaintiff failed to show any basis for pecuniary damages resulting from the fraudulent misrepresentations. Since the actual damages alleged were not proved, and since there was no prayer for general or nominal damages, the plaintiff failed to prove his right to recover in any amount and the court properly directed a verdict in favor of the defendants. *Wright v. Smith,* 128 Ga. 432 (3) (57 SE 684); *Beverly v. Observer Pub. Co.,* 88 Ga. App. 490 (77 SE2d 80); *Stewart v. Western Union Tel. Co.,* 83 Ga. App. 532 (64 SE2d 327); *Darlington Corp. v. Evans,* 88 Ga. App. 84 (76 SE2d 72).

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 13, 1966—DECIDED OCTOBER 13, 1966— REHEARING DENIED OCTOBER 27, 1966.

*John E. Feagin, Sidney Haskins, C. E. Gregory, Jr.,* for appellant.

*Grant, Spears & Duckworth, Robert W. Spears, William G. Grant,* for appellees.