A93A1163. KUNZLER ENTERPRISES, INC. et al. v. ROWE et al.
(438 SE2d 365)

McMurray, Presiding Judge.

Bruce A. Rowe, Kirk D. Rowe and AKB Enterprises, Inc. (hereinafter referred to as "plaintiffs"), brought suit against Kunzler Enterprises, Inc. ("Kunzler"), and Pioneer Potato Company, Inc. ("Pioneer"), in the Superior Court of Muscogee County. They alleged that Pioneer manufactures and distributes Tropical Sno Yogurt; that Kun-

zler distributed Tropical Sno Yogurt in Georgia; that plaintiffs made inquiries about Tropical Sno Yogurt because they intended to open and operate a retail yogurt shop at the Columbus Square Mall in Columbus, Georgia; that defendants represented to plaintiffs that Tropical Sno Yogurt could be sold at the retail level in Georgia; that the representations were false and defendant knew they were false because Tropical Sno Yogurt was not pasteurized or reconstituted at a pasteurization plant; that defendants made the representations with intent to deceive and defraud plaintiffs; that in reliance upon defendants' representations, plaintiffs entered into a dealer agreement with defendant Kunzler; that plaintiffs spent considerable sums to vend Tropical Sno Yogurt at their Columbus Mall location; that the Georgia Department of Agriculture seized plaintiffs' supply of Tropical Sno Yogurt and refused to permit plaintiffs to sell Tropical Sno Yogurt; and that plaintiffs incurred substantial damages as a direct and proximate result of defendants' fraud and deception. Plaintiffs sought actual damages, punitive damages and attorney fees. Defendants answered the complaint and denied any liability to plaintiffs.

The case proceeded to trial and the jury returned a verdict in favor of plaintiffs and against defendants for actual damages, in the amount of $69,933.49, and attorney fees, in the amount of $12,800. The jury did not award punitive damages.

Defendants filed a joint notice of appeal. However, only defendant Pioneer filed the requisite enumerations of error and brief for itself. It asserts, inter alia, that the trial court erred in denying its motion for a directed verdict because plaintiffs failed to prove damages. We agree and reverse.

"An action for deceit lies where one has been induced to enter into a contract as the result of the fraudulent misrepresentations of another and where, on discovery of the fraud, he elects to affirm the contract and sue for damages. *Mosely v. Johnson,* 90 Ga. App. 165 (82 SE2d 163). In such an action, the measure of damages is the actual loss sustained by the plaintiff, and if the contract is one of purchase and sale the 'actual damages' are the difference between the value of the thing sold at the time of delivery and what would have been its value if the representations made by the defendants had been true. *Commercial City Bank v. Mitchell,* 25 Ga. App. 837 (3a) (105 SE 57)." *Spindel v. Kirsch,* 114 Ga. App. 520 (1) (151 SE2d 787).

In the case sub judice, plaintiffs introduced no evidence demonstrating the difference between the value of their contract with Kunzler to buy and resell Tropical Sno Yogurt and what the value of the contract would have been if the representations made by the defendants had been true. Instead, plaintiffs merely introduced evidence showing the expenses they incurred in starting up their yogurt shop business. (Plaintiffs claimed that they incurred expenses totaling

$80,554.65. These expenses included furnishings ($14,630.06), machinery ($19,214), equipment ($5,433.60), and lease payments ($41,276.99). Plaintiffs began making the lease payments on May 14, 1988, and they made the payments every month until the end of 1989. That is when plaintiffs closed their yogurt shop business. In light of our ruling, we need not decide whether the lease payments can be deemed start-up costs. We also need not decide whether or how to factor in the money (over $100,000) which plaintiffs grossed during the time they stayed in business.

The start-up costs were not plaintiffs' damages. See *Spindel v. Kirsch*, 114 Ga. App. 520 (1), supra. This is especially so because plaintiffs planned to start a yogurt shop business whether they were going to use Tropical Sno Yogurt or some other brand of yogurt in their business. (Ironically, plaintiffs decided to use Tropical Sno because it was a dry mix that required no refrigeration and, therefore, cut down on their start-up costs. When plaintiffs were told they could no longer sell Tropical Sno Yogurt in Georgia, they started selling another brand of yogurt which required refrigeration.) Thus, plaintiffs would have incurred start-up expenses for their yogurt shop whether they purchased Tropical Sno Yogurt or some other brand of yogurt (which they could have sold at retail in Georgia).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 22, 1993 —
RECONSIDERATION DENIED NOVEMBER 17, 1993 —

*Harkleroad & Hermance, Donald R. Harkleroad, James P. Hermance, Timothy J. McGaughey*, for appellants.

*Harp & Johnson, Gary L. Johnson, James D. Patrick, Jr.*, for appellees.