No. 00-040

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 298

302 Mont. 321

14 P.3d 1199

BOKMA FARMS, INC.,

Plaintiff and Appellant,

v.

STATE OF MONTANA,

Defendant and Respondent.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James G. Hunt, Hunt & Molloy Law Firm, Helena, Montana

For Respondent:

John F. Sullivan and Amy D. Christensen, Hughes, Kellner, Sullivan &

Alke, Helena, Montana

Submitted on Briefs: May 25, 2000

Decided: November 30, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Bokma Farms, Inc., appeals from the Order on Defendant's Motion in Limine issued by the First Judicial District Court, Lewis and Clark County, excluding evidence concerning Bokma Farms' anticipated profits from lands it attempted to lease from the State. Bokma Farms contends that the District Court erred when it excluded evidence of Bokma Farms' anticipated profits from the leases. We affirm.

## BACKGROUND

¶2 Bokma Farms is a Montana corporation that operates a farm in Pondera County, Montana. Ronald and Kay Bokma are its sole shareholders. The Montana Department of Natural Resources ("DNRC") is the state administrative agency responsible for leasing agricultural land owned by the state of Montana.

¶3 On January 17, 1995, DNRC terminated Margaret J. Maclean and Maclean Ranch Partnership's ("Maclean") lease to land in Pondera County under state lease Nos. 4896 and 7101 for failure to timely pay 1994 lease payments. DNRC advertised the leases for bid. Bokma Farms submitted bids for the leases and, on March 14, 1995, DNRC notified Ron Bokma by telephone that Bokma Farms was the high bidder. On March 17, 1995, Ron Bokma received a certified letter from DNRC notifying him that Bokma Farms was the high bidder and that DNRC was issuing the lease to Bokma Farms. After DNRC informed Ron Bokma that it had awarded Bokma Farms the leases, Ron Bokma and his employees gathered fertilizer and seed and moved equipment to the leased land in order to prepare for cultivation.

¶4 DNRC subsequently determined that Maclean had timely paid the 1994 lease payment and that, therefore, it had erroneously terminated the Maclean leases. Ron Bokma learned that DNRC was reinstating the Maclean leases on April 10, 1995. The State Board of Land

Commissioners denied Bokma Farms' request for reconsideration of DNRC's decision to reinstate the Maclean leases. Importantly, written leases were never executed between DNRC and Bokma Farms.

¶5 On August 6, 1997, Bokma Farms filed a complaint against the State seeking damages for breach of contract and negligent misrepresentation. DNRC subsequently moved for summary judgment on both the contract and misrepresentation claims. Regarding the contract claim, DNRC argued that it was entitled to summary judgment because written leases were never executed by DNRC and Bokma Farms. In response, Bokma Farms properly conceded that DNRC was entitled to summary judgment on the contract claim but resisted summary judgment on the negligent misrepresentation claim. On April 19, 1999, the District Court denied the State's request for summary judgment on Bokma Farms' negligent misrepresentation claim and granted summary judgment in favor of the State on Bokma Farms' breach of contract claim. On June 10, 1999, the State filed a motion in limine seeking to exclude evidence of Bokma Farms' alleged lost future profits from the leases. The District Court granted the State's motion in limine. The District Court held a trial on Bokma Farms' negligent misrepresentation claim on October 6, 1999. The court issued its Findings of Fact, Conclusions of Law and Order on October 27, 1999, concluding that DNRC negligently misrepresented that the Maclean leases were properly terminated; the leases were available for bid; and that those leases would be awarded to Bokma Farms. The court awarded damages to Bokma Farms in the amount of $700. Bokma Farms appeals the District Court's exclusion of evidence of its anticipated profits.

## STANDARD OF REVIEW

¶6 The District Court's determination that Bokma Farms' damages for negligent misrepresentation do not include its anticipated profits is a conclusion of law which we review to determine whether it is correct. *See Boreen v. Christensen* (1994), 267 Mont. 405, 408, 884 P.2d 761, 762.

## DISCUSSION

¶7 Whether the District Court erred when it concluded that Bokma Farms' was not entitled to the profits it anticipated receiving from the leases?

¶8 In its Order on Defendant's Motion in Limine, the District Court excluded evidence regarding Bokma Farms' expected profits from the leases. The District Court stated, "In

this case, Plaintiff's expectation of what [its] profits would have been from the lease, had [it] obtained it . . . [is] an expectancy of a pecuniary damage and [is] not recoverable as damages in a negligent misrepresentation case."

¶9 The State argues that the District Court correctly excluded evidence of "lost profits" because pursuant to Restatement (Second) of Torts § 552B (1976) lost profits can never be awarded for negligent misrepresentation. We disagree. Restatement (Second) of Torts § 552B, which provides the measure of damages for negligent misrepresentation,[1] does not preclude an award of damages which in some instances can be properly characterized as lost profits. Section 552B specifically provides for the recovery of consequential damages sustained as a result of the plaintiff's justifiable reliance upon the defendant's negligent misrepresentation. Restatement (Second) of Torts § 552B(1)(b) (1976). Section 552B does not preclude the possibility that consequential damages may include lost profits. If a plaintiff can prove that it lost profits on account of its justifiable reliance upon the defendant's negligent misrepresentations, and the plaintiff can also prove the amount of lost profits with reasonable certainty, we see no reason why lost profits should not be awarded as consequential damages for negligent misrepresentation. *See* Robert L. Dunn, *Recovery of Damages for Fraud* § 4.3 at 167 (2d ed. 1995).

¶10 In fact, the illustrations of consequential damages in the Restatement appear to support claims for profits lost due to a defendant's negligent misrepresentation. Illustrations 1 and 2 of comment d under § 549 both appear to support an award of lost profits.[2] For example, Illustration 2 provides:

> The A Automobile Company puts upon the market cars in part made by itself, in part consisting of parts bought elsewhere and assembled in the cars. B sells to the A Company a quantity of roller bearings by misrepresenting them to be X roller bearings. The X bearings are standard and high class bearings. The bearings sold are in fact inferior and not made by the X company. After these bearings have been assembled in a number of cars their true character is discovered and the cars are sold at a lesser price because the bearings are not the X bearings. The A Company is entitled to recover the depreciation in the sales value of its cars because of the inferior bearings.

Restatement (Second) of Torts § 549 cmt. d., illus. 2 (1976). The losses sustained by A Company are the profits it lost as a consequence of its reliance upon B's misrepresentation.

¶11 Bokma Farms is not entitled to the profits it expected to earn from anticipated but unexecuted leases because those anticipated profits were not lost as a consequence of Bokma Farms' reliance upon DNRC's misrepresentations. Losses caused by a negligent misrepresentation are those losses incurred by the plaintiff in justifiable reliance upon the defendant's misstatements. *See State Bank of Townsend v. Maryann's, Inc.* (1983), 204 Mont. 21, 33, 664 P.2d 295, 301 (quoting Restatement (Second) of Torts § 552). DNRC's misrepresentations that the leases were available for bid and that it would award Bokma Farms the leases induced Bokma Farms to incur the following consequential damages: the costs incurred in preparing its bids and the costs incurred in preparing to cultivate the leased lands. The District Court properly awarded those damages.

¶12 Bokma Farms' loss of its anticipated profits from the leases was caused by the fact that it did not have an enforceable lease which would have entitled it to profits. Bokma Farms and DNRC never got to the point of executing a written lease for the property. Had such a lease been executed, no doubt Bokma Farms could have successfully maintained a claim for lost profits based on a breach of contract by DNRC. However, Bokma Farms correctly conceded in response to the State's motion for summary judgment that it could not maintain its contract claim and the District Court granted summary judgment on this claim in favor of the State. We also note that Bokma Farms is not contending that it failed to lease other ground by virtue of DNRC's conduct and somehow sustained lost profits or a missed opportunity. Accordingly, Bokma Farms is not entitled to damages due to lost profits.

¶13 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

1. We cited § 552B with approval in *United First Federal Savings & Loan Association v. White-Stevens, Ltd.* (1992), 253 Mont. 242, 833 P.2d 170.

2. Comment a to Restatement (Second) of Torts § 552B provides that comments a to f under § 549 are applicable in interpreting its provisions.