## S02G0788. BDO SEIDMAN, LLP v. MINDIS ACQUISITION CORPORATION.

(578 SE2d 400)

FLETCHER, Chief Justice.

We granted certiorari in this case to consider the proper measure of damages in a negligent misrepresentation case. Because the Court of Appeals improperly utilized a fraud standard of damages for this negligence cause of action, we reverse.

Mindis Acquisition Corporation was formed to purchase Mindis Corporation. After the purchase was complete, MAC discovered that the inventory value of Mindis was less than what appeared on Mindis's financial statements. MAC then sued Mindis's accountants, BDO Seidman, LLP, for negligent misrepresentation, contending that BDO was negligent in its audit of Mindis's financial statements. The trial court instructed the jury that damages were to be determined by the standard used in fraud and deceit cases, a benefit-of-the-bargain standard.[1] The jury found in favor of MAC and awarded $44 million. The Court of Appeals rejected BDO's contention that the jury was charged on an improper fraud standard of damages and affirmed the jury's verdict.[2]

1. In *Robert & Co. v. Rhodes-Haverty Partnership*,[3] this Court first recognized a claim for negligent misrepresentation and adopted the liability standard set forth in section 552 of the Restatement (Second) of Torts. This Court again considered negligent misrepresentation in *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*,[4] and agreed with the Court of Appeals that the proper statute of limitations for a negligent misrepresentation case must be determined by applying principles of negligence law. Consistent with our prior cases treating this cause of action as one sounding in negligence, we now conclude that the damages standard for a negligent misrepresentation claim is the traditional negligence standard, which is also set forth in the Restatement (Second) § 552. Under Restatement (Second) of Torts § 552B, the amount of damages awarded for negligent misrepresentation is measured by an "out-of-pocket" standard:

The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecu-

---

[1] See *McCrary v. Pritchard*, 119 Ga. 876, 883 (47 SE 341) (1904); *Kunzler Enterprises v. Rowe*, 211 Ga. App. 4, 5 (438 SE2d 365) (1993) (damages for fraudulent misrepresentation are difference between the value of the thing sold at the time of delivery and what would have been its value if the representations made by the defendants had been true).

[2] *Mindis Acquisition Corp. v. BDO Seidman*, 253 Ga. App. 360 (559 SE2d 111) (2002).

[3] 250 Ga. 680 (300 SE2d 503) (1983).

[4] 267 Ga. 424 (479 SE2d 727) (1997).

niary loss to him of which the misrepresentation is a legal cause, including (a) The difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) Pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the representation.

The out-of-pocket measure of damages is consistent with Georgia's general measure of damages in negligence cases, which seeks to place the injured party in the same place it would have been had there been no injury or breach of duty.[5] It is also consistent with our prior decision in *Robert & Co.*, in which we recognized that the important distinction between cases of intentional misrepresentation and cases of negligent misrepresentation is the culpability of the defendant.[6] As noted in the commentary to section 552B, an out-of-pocket measure of damages is commensurate with the culpability of the tortfeasor, who acted negligently, rather than intentionally or maliciously.[7] Furthermore, utilizing the out-of-pocket standard for negligent misrepresentation and the benefit-of-the-bargain standard for fraudulent misrepresentation is a middle position that is consistent with our statement in *Badische Corp. v. Caylor*[8] that our adoption of section 552 represents a "middle ground" standard.[9] Finally, a majority of jurisdictions favor the Restatement position.[10]

---

[5] See, e.g., *Home Ins. Co. v. North River Ins. Co.*, 192 Ga. App. 551, 558 (385 SE2d 736) (1989) (negligent misrepresentation claim); *Southeast Consultants v. O'Pry*, 199 Ga. App. 125, 126-127 (404 SE2d 299) (1991) (measure of damages for negligent misrepresentation by engineers who performed erroneous percolation tests for new house is the difference in the current value of the house and the value as it should have been built); *Perma Ad Ideas v. Mayville*, 158 Ga. App. 707, 707-708 (282 SE2d 128) (1981) (measure of damages for injuries to a motor vehicle caused by negligence is the difference between the value of the vehicle before and after the negligence); *Donaldson v. Carmichael*, 102 Ga. 40, 42 (29 SE 135) (1897) ("the universal and cardinal principle is that the person injured shall receive a compensation commensurate with his loss or injury, and no more").

[6] *Robert & Co.*, 250 Ga. at 681.

[7] Restatement (Second) of Torts § 552B, comment b (1977).

[8] 257 Ga. 131 (356 SE2d 198) (1987).

[9] Id. at 133 n. 2. A few states may permit benefit-of-the-bargain damages for negligent misrepresentation. See *Forsberg v. Burningham & Kimball*, 892 P.2d 23, 27 (Utah Ct. App. 1995) (relying on § 552B, but stating standard associated with benefit-of-the-bargain); *Ryan v. Kanne*, 170 N.W.2d 395, 406-407 (Iowa 1969), but see, *Sain v. Cedar Rapids Community Sch. Dist.*, 626 N.W.2d 115 (Iowa 2001) (citing § 552B with approval). Six states do not permit benefit-of-the-bargain damages even for fraudulent misrepresentation. See Restatement (Second) of Torts § 549, reporter's note (1977).

[10] See, e.g., *Zanakis-Pico v. Cutter Dodge, Inc.*, 47 P.3d 1222, 1235 (Haw. 2002); *Bokma Farms v. Montana*, 14 P.3d 1199, 1201-1202 (Mont. 2000); *Janda v. Brier Realty*, 984 P.2d 412, 415 (Wash. Ct. App. 1999); *Burke v. Harman*, 574 N.W.2d 156, 175-177 (Neb. Ct. App. 1998); *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-664 (Tex. 1998); *Standard Chartered, PLC v. Price Waterhouse*, 945 P.2d 317, 346 (Ariz. Ct. App. 1996); *Middleton v. Russell Group, Ltd.*, 483 S.E.2d 727, 743 (N.C. Ct. App. 1997); *Alliance Mortgage Co. v.*

In adopting the benefit-of-the-bargain standard, the Court of Appeals failed to recognize how this standard is related to the culpability of the defendant. A benefit-of-the-bargain standard gives the wronged party the benefit of the contract he made, but it also ensures that the fraudfeasor does not enjoy any fruits of his misdeeds.[11] The dual purposes of this standard have no application in a negligence misrepresentation case where there was no privity because the defendant was not a party to the transaction and thus, has not been unjustly enriched.

2. After considering the measure of damages, the Court of Appeals ruled that BDO had waived this enumeration by failing to properly object to the jury charge. Our review of the record, however, demonstrates that the issue was preserved. Therefore, a new trial utilizing the proper measure of damages is required.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 10, 2003.

*Sutherland, Asbill & Brennan, Peter J. Anderson, Steven L. Polk, Rebecca L. Burnaugh, Todd E. Ratner, Deborah M. Danzig,* for appellant.

*Womble, Carlyle, Sandridge & Rice, Nisbet S. Kendrick III, Alston & Bird, John H. Goselin II, Oscar N. Persons, Theodore J. Sawicki,* for appellee.

*Rogers & Hardin, John J. Almond,* amicus curiae.

---

*Rothwell,* 900 P.2d 601, 610 (Cal. 1995); *Verschoor v. Mountain West Farm Bureau Mut. Ins. Co.,* 907 P.2d 1293, 1301 (Wyo. 1995); *Ballow v. PHICO Ins. Co.,* 878 P.2d 672, 677 n. 4 (Colo. 1994); *Cont'l Levavitt Communications, Ltd. v. Painewebber,* No. 92C5939, 1994 WL 710745, at **9 (N.D. Ill. 1994) (Illinois law); *McCarthy, Lebit, Crystal & Haiman Co. v. First Union Management, Inc.,* 622 N.E.2d 1093, 1107 (Ohio Ct. App. 1993); *Frame v. Boatmen's Bank,* 824 S.W.2d 491, 496-497 (Mo. Ct. App. 1992); *Pearson v. Simmonds Precision Prod., Inc.,* 624 A.2d 1134, 1137 (Vt. 1993); *Law Offices of L.J. Stockler, P.C. v. Rose,* 436 N.W.2d 70, 86 (Mich. Ct. App. 1989); *B.F. Goodrich Co. v. Mesabi Tire Co.,* 430 N.W.2d 180, 182 (Minn. 1988); *First Interstate Bank v. Foutz,* 764 P.2d 1307, 1309 (N.M. 1988); *Orsini v. Bratten,* 713 P.2d 791, 794 n. 6 (Alaska 1986); *Danca v. Taunton Sav. Bank,* 429 N.E.2d 1129, 1134 (Mass. 1982); *Gyldenvand v. Schroeder,* 280 N.W.2d 235, 239 (Wis. 1979).

[11] *McCrary,* 119 Ga. at 883; but see *Brooks v. Dime Sav. Bank of New York, FSB,* 217 Ga. App. 441 (457 SE2d 706) (1995) (measure of damages for fraudulent misrepresentation in artificially inflating price of home is difference between what plaintiffs paid for their properties and what those properties were worth at the time of purchase).