### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT DECATUR,

### AUGUST TERM, 1854.

Present—JOSEPH H. LUMPKIN,
EBENEZER STARNES, } *Judges.*
HENRY L. BENNING,

---

## No. 1.—JOSIAH TEDDER, plaintiff in error, *vs.* BENJAMIN E. STILES, defendant.

[1.] When the complainant amends his bill after answer, if a further answer to the amended bill is not waived, the defendant must answer the bill as amended, or the complainant will be entitled to an order taking the whole bill, as amended, confessed.

[2.] If the complainant amend his bill after answer, and does not waive a further answer, the issue is not complete, unless the amendment be answered or the bill taken as confessed.

[3.] If the complainant amend his bill and waive further answer, it is still the right of the defendant to put in an answer; but failing to do so within the time prescribed, his former answer may stand as an answer to the amended bill; but this rule does not apply where a further answer to the amendment is required.

[4.] Ordinarily, where the answer and replication are filed the second term, the cause should be set down for trial at the next, being the *third* term after the filing of the bill.

[5.] The replication should be filed and the cause set down for trial, before the proofs are taken. The replication may be filed, however, *nunc pro tunc,* after the proofs are taken. Until the replication is filed, the defendant has a right to stand on his answer as true, having no notice that it will be controverted.

XVI—1

Tedder *vs.* Stiles.

[6.] Whenever the rights of a party are withheld or violated, the presumption of law is, that he has been injured.

In Equity, in Bibb Superior Court. Decided by Judge Powers, November Term, 1853.

In this case, the original bill having been answered, and afterwards, an amended bill filed but not answered, the cause was proceeding before the Jury, when defendant moved to arrest its further progress, on the ground that the case was not ripe for trial; the amended bill not being answered and complainant having not taken any order to have the same taken *pro confesso.*

Complainant then moved an order to take the whole bill *pro confesso,* on the ground that defendant had not answered the amendment. The Court refused this motion, but informed complainant's Counsel that they might take their order as to the amended bill alone.

This complainant's Counsel declined to do, but moved the following order, which was granted by the Court, defendant objecting: "that said cause be set down for trial at the present term of said Court, on said original bill and amendment, and the original answer of defendant, replication thereto and proofs in the cause".

The case then proceeded and the Jury returned a decree for complainant.

Complainant then moved the Court that said decree be set aside and a new trial awarded, because the case had been submitted to the Jury, and the decree rendered before the amended bill was answered by defendant, or any interlocutory judgment taken thereon.

On argument, the Court granted an order setting aside the decree and awarding a new trial on the ground stated; and this decision is alleged as error.

WHITTLE, STUBBS & HILL; R. P. HALL, for plaintiff in error.

POE, NISBET & POE, for defendant.

Tedder *vs.* Stiles.

*By the Court.*—LUMPKIN, J. delivering the opinion. :

The questions made in this record, are upon points of Equity Practice, and are somewhat technical in their character.

The original bill in this case, was filed in 1848 by Tedder alone, to recover the property that belonged to his wife, from her guardian, Mr. Stiles. It was answered in 1849. In 1851, an appeal in the cause was entered by consent. At the May Term, 1852, of the Superior Court, upon the application of the complainant, leave was granted to amend his bill, by adding himself as a party complainant, as the administrator of his deceased wife; and also, instead of seeking to recover the seven negroes which the defendant had taken for the money belonging to his ward, as well as the unexpended surplus of the fund, to compel Mr. Stiles to account for the price of the land, with interest thereon, compounded every six years. This amendment was to be served three months before the next term of the Court, to-wit: November, 1852. At that term, a demurrer was filed to the bill, on account of the misjoinder of the parties; or rather, because of the substitution of a new party, who must recover on altogether a different right from that set up in the original bill.

The demurrer was over-ruled, and the defendant ordered to answer the *amended bill* within four months. No answer was ever put in to the *amended bill.* At May Term, 1853, the defendant continued the cause, as appears from an entry on the Bench Docket; but it is not stated upon what ground the continuance was allowed. At the November Term, 1853, the complainant moved to take the *whole bill* as confessed. This the Court refused to grant, but offered to permit him to take the *amendment* as confessed, which offer was declined by the complainant's solicitor. He then moved that the cause be set down for trial at that term of the Court, on the original bill and amendment, the answer of the defendant to the original bill, the replication thereto and the proofs in the cause. And this order was granted, the defendant, by his Solicitor, objecting thereto.

A verdict was rendered for $7,413.12.

The defendant's Solicitor then moved to set aside the decree for irregularity, and it was done ; and this is the decision excepted to.

[1.] The first point which I propose to notice, is whether the first order moved by the complainant's Solicitor was proper, namely : to take the *whole bill* as confessed, because the defendant had failed to answer the amended bill, and notwithstanding he had fully answered the original bill ?

Had we consulted our own opinion in relation to this practice, our judgment probably would have been, that the interlocutory decree of *pro confesso*, should have been taken as to the amendment only. The answer to an amended bill must be coextensive with the bill as amended. If, then, the defendant has fully answered the original bill, but fails only to answer the amended bill, to take the amendment as confessed, it would seem to subserve every purpose and save much cost and trouble to the parties. But upon examination, we find the practice in England to be well settled to the contrary.

Soon after the practice was first adopted, of taking bills as confessed, without requiring proof thereof, Lord *King* overruled Sir *Joseph Jekyl*, the Master of the Rolls, in allowing the *whole bill* to be taken as confessed, for want of a further answer. (2 *Peer Wms.* 559.) But he, in effect, in a few months afterwards, over-ruled his own decision, in *Abergavenny vs. Abergavenny* (2 *Eq. Cas. Ab.* 179. 4 *Vin. Abr.* 446, *S. C.*) In the case of *Davis vs. Davis* (2 *Atk. Rep.* 23,) Lord *Hardwicke* refused to be bound by the decision of Lord *King* in *Hawkins and Crook.* This was in 1739. In 1772, in *Bacon vs. Griffith* (4 *Ves.* 619, *note*) Lord *Apsley*, where the Master of the Rolls allowed the *amendments* to the bill, *alone*, to be taken *as confessed,* his Lordship reversed the order upon appeal, holding that the bill, as amended, was but *one record*, and that the amendments not being answered, the *bill* was not answered. A similar decision was made by Lord *Alvanley*, in the case of *Jopling vs. Stewart*, in 1799. (4 *Ves. Jr.* 619.)

Tedder *vs.* Stiles.

And this continues to be the practice in Great Britain, down to the present day, as appears from some recent cases.

The complainant, then, was clearly entitled to the first motion which he made, to take the *whole bill* as confessed, for want of a further and full answer; and the Circuit Judge should have allowed him to take that course, instead of proffering to him the privilege of taking the amendment, only, as cenfessed, which would have been irregular and illegal. And this brings us to the consideration of the final order, which was that the cause be set down for trial at that term of the Court, on the original bill, the amendment, the answer of the defendant to the original bill, the replication thereto and the proofs taken in the cause.

[2.] [3.] This order was wrong in this—that although the complainant had required an answer to his amended bill, he proceeded to trial without any answer ever having been made, and without any interlocutory order—taking it as confessed. Having required an answer, the rule is, that he is not authorized, without the consent of the defendant, to consider the answer *to the* original bill, as an answer to the amended bill. Indeed, the order does not so treat it. And it is no sufficient reply, to say, that the Court refused to grant the right order, and that the order which it did allow, was the best that could be obtained. The failure in the Court to do what was right, will not justify Counsel in asking, nor the Court in granting, that which is wrong. No issue was made or could be made, until the amended bill was answered or taken as confessed, unless the irregularity had been waived by the defendant. And so far from giving his consent to the proceeding, he protested against it.

The issue then, was clearly incomplete, inasmuch as the amended bill had never been answered, neither was there an order taking it as confessed. If no answer at all had been filed, it is conceded and has been so adjudged by this Court, *Groce vs. Field et al.* (13 *Ga. R.* 24,) that a judgment *pro confesso*, was indispensable ; otherwise, the issue was not formed. Is not the principle the same, when the amended bill is not an-

swered? And yet, this cause was set down for trial on the original bill, the amendment, the answer, which was to the original bill only, the replication, which could only have been to the answer to the original bill, and the proofs which had been theretofore taken.

What disposition, I ask, is made by the pleadings of the amendment? How is the issue made up as to that? And yet this amendment was essential to the complainant's cause. It was one of substance and not of form; without it, he was not entitled to a decree.

In this view of the pleadings then, they were essentially de-fective.

But there is another objection to this proceeding. It will be noted that this cause was peremptorily set down for trial, at the same term at which the replication was filed. According to the construction put by this Court, upon the 53d section of the Judiciary Act of 1799, in *Hoxey vs. Carey* (12 *Ga. R.* 534,) *Leonard vs. Stocks* (*Ib.* 546,) and *McDougald and others vs. Carey,* (*Ib.* 553,) the cause did not stand for trial at the same term at which the replication was filed.

[4.] Ordinarily, when the answer comes in at the second term after the bill is returned, the replication is filed and an order is taken, prospectively, to set the cause down for trial at the next term. The proofs are then taken and the cause is tried at the *third term,* as required by the Statute, or the *fourth,* at farthest, upon special showing. As frequently happens, owing to amendments and other reasons, the pleadings in this case, were not made up at the second term.

[5.] It is usual in practice, to collect the proofs before the replication is filed. The theory of the rule is different. It is true, too, that parties may, by consent, proceed to trial at once, when the cause is set down; they cannot be forced to do it.

But it is argued that the defendant was in *laches,* in not having answered the amended bill. But the punishment for this was to have taken the whole bill as confessed. The complainant could have compelled the Court to have granted him this order. The default of defendant did not authorize the

Court to force him to trial, immediately upon the filing of the replication. He was entitled to a term, according to Equity Practice, and could not be deprived of it without his consent.

[6.] But it is said, that notwithstanding the decree was irregularly obtained, still, it does not appear that the defendant has been injured. Whenever the rights of a party are either withheld or violated, the presumption of law is, that damage has been sustained. And Courts should be very clear that such is not the case, before they act upon the ground here assumed. At any rate, we cannot undertake to say, with certainty, that no detriment has ensued to the defendant, under the facts of this case.

It was his right to have the pleadings perfected, before the cause was set down for trial; and then a term allowed him afterwards, to prepare his proofs. And he was deprived, against his will, of both of these rights.

Judgment affirmed.