14059. BARWICK *v.* AMERICAN MANUFACTURING CO.

1. Where a purported contract between a manufacturer and a sales agent provides that the manufacturer is to make for the sales agent 100,000 hoes at a stipulated price per dozen, and to be paid therefor out of the proceeds of sales made to customers whom the plaintiff may procure, but is to remit to the sales agent any excess in the sales price collected from the customers over and above the stipulated price made to the sales agent, no actual damage is shown as having been sustained by the sales agent by the refusal of the manufacturer to comply with the agreement to accept and furnish hoes to a customer procured by the sales agent, where it does not appear that the customer was to pay for the hoes at a price in excess of that which under the contract was to be paid to the manufacturer.

2. Where a petition can not be construed as asking for general or nominal damages, but, as here, is expressly limited to a prayer for special damages only, and these are not recoverable, the suit is not maintainable merely for the recovery of nominal damages. *Truitt* v. *Rust,* 25 Ga. App. 62 (2) (102 S. E. 645).

3. In a suit by the sales agent against the manufacturer to recover damages for such an alleged breach of contract, since it does not appear that the

plaintiff suffered any damage, the demurrer to the petition was properly sustained.

DECIDED SEPTEMBER 28, 1923.

Attachment; from Thomas superior court — Judge W. E. Thomas.    October 20, 1922.

Application for certiorari was made to the Supreme Court.

The plaintiff sues for the breach of an alleged contract, and in his petition as amended alleges: "On November 28th, 1916, your petitioner and said American Manufacturing Co. entered into a contract whereby said American Manufacturing Co. undertook to make, manufacture and deliver to your petitioner, or to such customers of your petitioner as he might direct, f. o. b. Chattanooga, Tenn., 100,000 weeding hoes, at and for the price of $2.50 per dozen, and your petitioner agreed to pay for the same at and for the price of $2.50 per dozen.   Said company was to bill said hoes to said customers of petitioner at such price per dozen as your petitioner named.   Said company further agreed to make, manufacture, and deliver said 100,000 hoes between January 1, 1917, and April 1, 1918.  .  .   On June 8, 1916, your petitioner gave to the defendant a written order for the manufacture of 100,000 Barwick hoes, to be made of the sizes and the material to be delivered at the times and in the quantities and on the terms specified in said order, a copy of which is hereto attached, marked Exhibit ' A,' and made a part of this amendment.   On or about September 1, 1916, said American Manufacturing Co. accepted said order and undertook and agreed to manufacture and deliver said hoes upon the terms specified in said order.   By mutual agreement between plaintiff and defendant said contract was modified and changed, and plaintiff and this defendant entered into the contract of November 28, 1916, set out in paragraph 1 of the petition in said case.   By this contract the defendant undertook and agreed to manufacture for your petitioner 100,000 Barwick hoes, at and for the price of $2.50 per dozen, instead of the price of $2.25 per dozen, made in the original contract of June 8, 1916. This defendant [plaintiff?] was to sell said hoes, taking orders therefor and sending the same to the defendant, who was to fill the same if said orders were given by parties of reasonable financial standing.   All orders were to be deemed satisfactory when the givers had sufficient rating in Dun and Bradstreet mercantile agencies, or, in the absence of such printed rating, where special

reports were obtained and the givers of such orders were found to be responsible." Attached to the petition is the following exhibit:

"Macon, Ga., June 8, 1916. American Manufacturing Co., Chattanooga, Tenn. Dear Sirs: Please book the following order for 100,000 Barwick eye hoes to be shipped from now until March 1, 1917, about one half by January 1st, and the remaining one half during January and February, 1917, at $2.25 per dozen f. o. b. cars, Chattanooga, Tenn.

  5,000 #1,  6 " x 7 ½ "  15 to 16 gauge steel,
  45,000 #2  6 "  8 ½   "   "
  15,000  3  5  9    "   "
  15,000  4  5  10   "   "
  15,000  5  5  12   "   "
  5,000 garden, 1 x 6, 15 gauge only.

" All to be made of 60 to 65 carbon open hearth steel and the best grade of malleable castings, and rivets as per pattern to be furnished. The blades to be shaped like samples or patterns, to be furnished, ground with long uniform bevel, oil tempered to a hardness suitable for the use, like sample to be furnished, and polished 2/5 of lower portion, and the polished portion dipped in suitable chemical to protect from rust, and the unpolished portion and eye dipped in suitable colored paint or lacquer, and labeled like sample to be furnished and wrapped in ordinary wrapping paper. All hoes to be shipped on orders furnished by me, and approved and accepted by you. You to attend to all shipping and collect all accounts, and remit me the net amounts above $2.25 per dozen, f. o. b. cars Chattanooga, Tenn. It is agreed that on such orders as you do not collect for, you shall not owe me any profit or overage."

The plaintiff further alleges in the petition that " petitioner, on January 14th, 1918, procured an order from the Barwick Hoe Company for all of the said 100,000 hoes which the defendant had not shipped, and your petitioner shows that the said Barwick Hoe Company was financially responsible for the fulfilment of said orders, but the defendant declined to fill said order and to ship said hoes." The petitioner prays damages amounting to the difference between the contract price and the alleged market value at the time for performance under the alleged contract. The

trial court sustained the defendant's general demurrer to the petition.

*J. K. Jordan, Hay, Hammond & Joiner,* for plaintiff.

*Titus & Dekle,* for defendant.

STEPHENS, J.   (After stating the foregoing facts.)

The writer concurs specially in the judgment of affirmance upon the additional ground that under the terms of the alleged contract the so-called sales agent is under no obligation to perform, and that therefore the alleged contract is lacking in mutuality and therefore void and unenforceable.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*