EAST SIDE LUMBER & COAL CO. *v.* BARFIELD.

No. 14461. MARCH 10, 1943.

*Durwood T. Pye,* for plaintiff in error.

*W. O. Slate, H. C. Denton,* and *J. D. Wilson,* contra.

DUCKWORTH, Justice. The petition as finally amended seeks relief because of the defendant's alleged breach of contract by failing to procure the second F. H. A. inspection, resulting in the refusal of the F. H. A. to abide by its commitment to insure a loan for $3400. It shows that the plaintiff is still the holder of title to the premises involved, and that the defendant's claim against this property, represented by a note and security deed, is for a valuable consideration, is valid, and was voluntarily assumed by the plaintiff. It shows that while the plaintiff was unable to obtain the insurance by the F. H. A. of a loan for $3400 on his premises, because of the defendant's alleged breach of contract, the plaintiff has suffered no injury therefrom. The only allegations relating to special damage are made in paragraphs 37 and 38 of the petition; and it is there alleged, not that the plaintiff has suffered damage in the amount of $762, but that he will suffer this damage if he is divested of title to the property. This does not show damage. It is purely speculative; and if the contingency named by the plaintiff, that is, his being divested of title, should occur, it does not follow that he would sustain the damage stated. It is not possible to penetrate the future and foretell what will be the amount of any bid made on the property if it is exposed to sale under the foreclosure. Should such a sale take place and should the property be sold for less than the defendant's claim, then the plaintiff would sustain a loss. On the other hand, should the property sell for enough to satisfy the defendant's debt and the cost of foreclosure, and leave a balance of more than $762 belonging to the plaintiff, then in that event the plaintiff would sustain no loss. These observations are sufficient to illustrate the speculative nature of the allegations, and hence to show that they are insufficient in law to authorize any recovery. *Red* v. *Augusta,* 25 *Ga.* 386;

*Kenny* v. *Collier*, 79 *Ga.* 743 (8 S. E. 58); *Seaboard Air-Line Railway* v. *Harris*, 121 *Ga.* 707 (49 S. E. 703); *Smalls* v. *Brennan*, 14 *Ga. App.* 84 (80 S. E. 339). The reference to rent in paragraph 38 does not show damage sustained by the plaintiff; for it is not made to appear that the rent which he has paid for a home is excessive, or that he did not get full value for the amounts thus paid for rent; and there is no allegation in the petition showing how or in what manner the defendant is responsible for the plaintiff's having to pay the rent. The allegations are thus insufficient to authorize a recovery of any special damages. There is no prayer for general damages. The plaintiff would not be entitled to recover nominal damages under the Code, § 20-1409. *Haber, Blum, Bloch Hat Co.* v. *Southern Bell Telephone & Telegraph Co.*, 118 *Ga.* 874 (4) (45 S. E. 696); *Hadden* v. *Southern Messenger Service*, 135 *Ga.* 372 (69 S. E. 480).

The plain recitals of the petition show the impossibility of granting the relief of specific performance; for it is shown that the second inspection must be made before the completion of the building, and the petition shows that the building has been completed. No grounds whatever are alleged for cancellation of defendant's valid note and security deed against the petitioner. And the petition showing that the debt is due, it thus shows the defendant's right to foreclose; hence injunctive relief is not authorized. There is nothing in the petition that would entitle the plaintiff to have his debt to the defendant reduced from $3300 to $2800, as prayed. The averments of the petition as amended show no right to the relief sought; and the court erred in allowing the amendments and overruling the general demurrer to the petition as amended. This error rendered the subsequent proceedings nugatory.

*Judgment reversed. All the Justices concur.*