31820. SCHULER *v.* DEARING CHEVROLET COMPANY.

DECIDED FEBRUARY 26, 1948.

574

Shelby Myrick, for plaintiff in error.

Bouhan, Lawrence & Williams, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Counsel for both parties rely on Cothran v. Witham, 123 Ga. 190 (supra). The plaintiff relies on this case to support its position that the instrument sued upon is a valid and binding contract. The defendant relies upon this case to support his position that the damages sought are too remote, speculative, and uncertain to form the basis of a recovery. The facts in Cothran v. Witham, supra, are substantially as follows: W. S. Witham, President of the Bank of Cartersville, sold J. C. Cothran 5 shares of capital stock in said bank. At the same time Cothran signed an instrument, based upon the consideration of the price paid and for value received, agreeing not to sell any part of the stock at any time without first offering the same to Witham at the book value and giving him ample time to accept or refuse the purchase. The damages alleged consisted of $300 lost in profits, $90 lost by reason of purchase of other stock above the book value, $34 attorney's fees and railroad fare, $500 per year loss growing out of his defeat for presidency of the bank, and general damages in the sum of $5000. The court held that the contract was not void for indefiniteness as to the time when it should become operative; that it was not unilateral; that the allegations of special damages were too general, vague, and speculative to be the basis of a recovery; and that the plaintiff was entitled to recover nominal damages only. In the 4th division of the decision the court said: "The allegations of damage on account of his defeat for the office of president and financial agent of the bank, at the election next succeeding the alleged breach of the contract by Cothran, however, were too contingent and speculative to be the basis of a recovery. It was not alleged that, had Cothran retained the stock, he was under any obligation, legal or otherwise, to vote it for Witham in the election of officers. Apparently there was no restriction on his right to vote it for whomsoever he chose. Nor was he under any obligation to sell the stock to Witham before

the election took place, thus putting it in Witham's power to control the stock independently of him. In order to recover damages on these allegations, then, one of two alternatives must be assumed, viz., either that Cothran would have sold the stock to Witham before the election if he had not sold it to the parties to whom he did sell; or that, in the event he had not sold the stock at all, he would have voted it for Witham for president and financial officer of the bank. In the nature of things, neither of these alternatives is susceptible of proof. It follows that, under the allegations of the petition, Witham is entitled only to nominal damages for the breach of the contract, and that the defendant's special demurrer should have been sustained."

On the question of the validity of the contract, the case of *Cothran* v. *Witham* is very much in point with the case at bar. Indeed the case at bar is more specific as to the duration of the obligation and as to the amount to be paid for the repurchase of the property.

It is noted that the petition, while properly charging the difference in the market value of the automobile and the contract price at the time and place for delivery, continues with a charge as follows: "If petitioner desired, said car could have been resold by it after exercise of the option for a much higher price than $2000 in view of the active market for new Chevrolet cars. However, in actuality petitioner would not have resold said car above the list price which it adheres to." Elsewhere the plaintiff charges that it is an authorized dealer in Chevrolet automobiles. Construing the petition, on demurrer, most strongly against the pleader, the foregoing allegations of the petition alleging the plaintiff to be a dealer in Chevrolet automobiles, and alleging that it adheres to the list price in the sales thereof, amounts to allegations that it would have sold the automobile in question at the list price. While the measure of damages where one party is under contract to sell personal property to another, and breaches that contract, generally is the difference between the contract price and the market value at the time and place for delivery (see *Sizer* v. *Melton*, 129 *Ga.* 143, supra; and also *Bloom* v. *Americus Grocery Co.*, supra), yet, ambiguous pleadings when considered on demurrer must be construed most strongly against the pleader. See *Moore* v. *Atlanta Joint Stock Land Bank*, supra,

and many cases under § 81-101 of the Code (Ann.), catchwords, "Ambiguous pleadings." Therefore it follows that the petition shows upon its face that the plaintiff has not been damaged.

■ It is insisted that, under the allegation of the petition, the plaintiff is entitled to at least nominal damages. The damages alleged in the instant petition are special damages. *Cothran* v. *Witham,* supra, was treated by the court as an action for general damages and special damages growing out of the breach of the contract. While it is well settled that nominal damages are recoverable when sought in the case of a breach of a contract, although no special damage arises by reason of said breach, the same are not recoverable when the petition seeks neither general nor nominal damages. In a suit for the breach of a contract, where the only damages sued for are special damages which are not recoverable, and the petition contains no prayer for nominal damages and no allegation of general damages, nominal damages can not be recovered. See *George B. Curd Co.* v. *Meigs Lumber &c. Co.,* supra; *Hadden* v. *Southern Messenger Service,* supra; *Twin City Lumber Co.* v. *Daniels,* supra.

The trial court erred in overruling grounds 1 and 2 of the general demurrer to the petition.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*