34661. BEVERLY v. OBSERVER PUBLISHING COMPANY et al.

FELTON, J. 1. Special damages for the loss of a public office in an election for that office are too remote and speculative to be recoverable. *Anderson* v. *Kennedy,* 47 *Ga. App.* 380, 385 (170 S. E. 555).

2. Where nominal damages are not prayed for and there is no prayer for general damages, nominal damages cannot be recovered. *East Side Lumber & Coal Co.* v. *Barfield,* 195 *Ga.* 505, 508 (24 S. E. 2d 681); *Barwick* v. *American Manufacturing Co.,* 30 *Ga. App.* 761 (2) (119 S. E. 218); *Schuler* v. *Dearing Chevrolet Co.,* 76 *Ga. App.* 570 (4) (46 S. E. 2d 611).

3. Where neither general nor nominal damages are sought and the special damages alleged are not recoverable, the plaintiff is not entitled to recover in any amount, although he would have been entitled to nominal or general damages had they been sought. *Stewart* v. *Western Union Telegraph Co.,* 83 *Ga. App.* 532 (3) (64 S. E. 2d 327); *Bush* v. *Addison,* 40 *Ga. App.* 799, 800 (3) (151 S. E. 526).

4. Code (Ann.) § 105-2002 provides: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the traspass or as compensation for the wounded feelings of the plaintiff." The proper construction of this Code section is that punitive damages may be awarded as damages *additional* to such as may be primarily recovered in a pending tort action. There must be a right under the pleadings and evidence to recover general, nominal, or special damages. Otherwise, punitive damages could not and would not be *additional.* In this case, since neither general nor nominal damages are prayed for and the special damages alleged are not recoverable, an action for punitive damages alone remains, and a claim for punitive damages alone will not lie under Code (Ann.) § 105-2002. See *Foster* v. *Sikes,* 202 *Ga.* 122, 126 (42 S. E. 2d ·441); 25 C.J.S., Damages, 713, § 118; 33 A.L.R. 384 (Annotation); 81 A.L.R. 913 (Annotation).

5. Under the rulings in divisions 1, 2, 3, and 4, above, where a petition alleges only special and punitive damages and the special damages are not recoverable, a general demurrer to the petition must be sustained. The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*

DECIDED JULY 1, 1953.

*P. W. Walton,* for plaintiff in error.

*R. S. Roddenbery, Jr., H. H. Whelchel, Gibson & DeLoache,* contra.

O. L. Beverly sued Observer Publishing Company and Carl Jeter for damages for an alleged libel. The plaintiff and the defendant Jeter were both candidates for the office of Sheriff of

Colquitt County, Georgia. The alleged libel was contained in an article written by the defendant Jeter and was printed in the Observer Publishing Company's newspaper as a paid advertisement. The plaintiff alleges special damages in the amount of $19,200, which consists of salary in the amount of $4,200 a year for four years and $600 a year·living quarters for four years, and which amounts he alleges he would have received had he been elected sheriff. The plaintiff also prays for $50,000 punitive damages. The court sustained a general demurrer to the petition and dismissed the action, and the plaintiff excepts.