## 50320. MARSHALL v. GEORGIA POWER COMPANY.

EVANS, Judge.

In 1925 a predecessor of Georgia Power Company was granted an easement to construct, maintain and operate transmission lines on property now owned by R. E. Marshall. This agreement contained the following rights: "It is understood and agreed that the Company, it's successors and assigns, has at all times the right to trim or remove such trees and underbrush upon or adjacent to the land covered by this easement as would in the judgment of the company interfere with or endanger said line or lines or the operation thereof when erected; hereby agree to pay the fair market price for any growing crops or fruit trees or timber at any time damaged, cut or destroyed."

After obtaining the property in 1968, Marshall began growing a crop of Arizona Cypress for sale as Christmas trees. On March 18, 1974, agents of Georgia Power Company allegedly entered into lands to which it held the easement and destroyed the Christmas trees, which were four to nine feet tall and ready for marketing, valued at approximately $2,250.

Georgia Power Company refused Marshall's request for payment. Marshall then sued Georgia Power Company for $2,250 as damages for the value of the trees. Marshall also sued for $300, "which sum represents the reasonable cost of removing debris caused by defendant and in rectifying the other damage caused by defendant" (Par. 7 of plaintiff's complaint).

Defendant answered, contending it had a right to remove the trees which were grown on the easement without its permission, and sought a judgment on the pleadings.

A motion for summary judgment was granted in favor of defendant, and plaintiff appeals. *Held:*

1. Timber is technically known as green wood twenty years or more in age. *Dickinson v. Jones,* 36 Ga. 97, 104. Plaintiff does not contend the Christmas trees are fruit trees or timber, but that they are a growing crop.

2. Under the authority of *Adcock v. Berry,* 194 Ga. 243 (2b) (21 SE2d 605), the word "crops" includes and embraces the fruits and products of all plants, trees and shrubs (Code § 85-1902), but not the tree or shrub itself. Under the contract, plaintiff could not sue for the value of the trees cut down, as the contract does not provide for payment of same.

3. The specific language in the easement provides that the electric company has authority to "trim or remove such trees and underbrush . . . as would in the judgment of the company interfere with or endanger said line or lines or the operation of same when erected," and an agreement to pay the fair market value of "growing crops or fruit trees or timber at any time damaged." The latter language applies to its entry upon or adjacent to the easement, and not merely the right to trim all trees and underbrush at will, but such as would "interfere with or endanger said line or lines."

4. Plaintiff may be entitled to damages which the law presumes to flow from any tortious act for a trespass upon his rights even though the defendant had a right of general entry upon the property. See *Weimer v. Cauble,* 214 Ga. 634, 636 (106 SE2d 781); *Tedder v. Stiles,* 16 Ga. 1, 2 (6). Nominal damages are always allowed for any invasion of a property right whether or not actual damages result therefrom. *Swift v. Broyles,* 115 Ga. 885 (42 SE2d 277). And the law presumes and infers some damage from the invasion of a property right. *Price v. High Shoals Mfg. Co.,* 132 Ga. 246 (64 SE 87); *Williams v. Harris,* 207 Ga. 576, 579 (2) (63 SE2d 386).

5. Under the present posture of the case, unquestionably Georgia Power Company had the right to go upon the lands to trim the trees, when in its judgment they could constitute a hazard to its electric transmission lines. And under the authorities previously cited, Marshall had no legal right to compensation for his trees because they are not within the legal definition of "timber," or "growing crops," and Marshall has not

contended nor offered proof that the trees removed or trimmed were fruit trees.

6. But the Georgia Power Company did not have the right to damage plaintiff's other lands in going to the lands over which it had an easement, and Marshall plainly alleged in his complaint that the cost of removing debris left by said Georgia Power Company, "and rectifying other damage caused by defendant" amounted to $300.

7. In summary judgment cases the record, including pleadings and evidence, is construed most favorably toward the party opposing such motion, and most unfavorably towards the movant. See *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4, 5 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408). And, of course, under the Civil Practice Act, if notice is given by the complaint of matter which may constitute a cause of action, a favorable construction of the pleadings toward complainant is required. *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service*, 118 Ga. App. 498, 501 (164 SE2d 246).

8. In order to obtain a summary judgment it was incumbent upon the movant to show that there was no issue for determination by a jury. Georgia Power Company remained completely silent as to the $300 damages alleged to other property. We are not advised as to the full extent of damage but in oral argument it was contended that certain fences were cut by Georgia Power Company. The record does not show whether fences were cut by Georgia Power Company, but that can await the trial before the jury. No right on Georgia Power Company's part to cut fences of plaintiff, or otherwise damage his other property, is shown by the contract between the parties. While the easement grants the right of entry, it does not provide for the indiscriminate violation of plaintiff's property rights in so doing.

*Judgment reversed in part and affirmed in part. Deen, P. J., and Stolz, J., concur.*

Argued February 25, 1975 — Decided April 7, 1975.

Raymond E. Marshall, *pro se.*

*Kelly, Champion, Denney & Pease, Forrest L. Champion, Jr.,* for appellee.