## *60051. SOLON AUTOMATED SERVICES, INC. v. PINES ASSOCIATES, INC.

QUILLIAN, Presiding Judge.

This is an action for an alleged breach of a lease agreement. Plaintiff appeals from the grant of a motion for directed verdict for the defendant. *Held:*

1. Defendant moved for a directed verdict on two grounds: (1) there was no proof that defendant took the property subject to the terms of the lease between plaintiff and defendant's predecessor in title, and (2) "there has been insufficient proof from which the jury could reasonably ascertain damages without pure speculation." Pretermitting the issue of whether the defendant was subject to the lease, we agree that there was insufficient proof of damages. Therefore, the judgment must be affirmed.

Plaintiff established a "daily average" income of $66 and multiplied that amount by the 486 days left in the lease and arrived at gross damages of $32,076.00. He deducted from that figure $990 admitted owing to the defendant and the commission of $600 per month ($9,600) which defendant would have earned — leaving a net amount of claimed damages of $21,486.00. Plaintiff's prayer had demanded "$21,653.42."

On cross-examination, plaintiff's local manager admitted he had "expenses" in connection with the lease. Some of the expenses to be paid (in part) from the lease income were "salary, parts, equipment, service to vehicles . . . vehicle maintenance" and expenses of collecting the money from the machines involved in the lease. He admitted he had not "made any effort today [in court] to itemize what those might amount to" and the figures he testified to were "gross numbers" rather than "net profit."

"The burden is on the plaintiff to show both the breach and the damage [Cit.], and this must be done by evidence which will furnish

---

* For addition to Solon Automated Services, Inc. v. Pines Associates, Inc., see page 893 post.

the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages. [Cits.] It cannot be left to speculation, conjecture and guesswork. [Cit.]" *Bennett v. Assoc. Food Stores,* 118 Ga. App. 711, 716 (165 SE2d 581); *Big Builder, Inc. v. Evans,* 126 Ga. App. 457, 458 (191 SE2d 290); *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470, 471 (193 SE2d 860). Plaintiff failed to show his damages with any reasonable certainty. See *Lingo v. Kirby,* 142 Ga. App. 278, 279 (236 SE2d 26). Accordingly, plaintiff was not entitled to the special damages prayed for. *Radlo of Ga. v. Little,* 129 Ga. App. 530, 533 (199 SE2d 835); *Carr v. Jacuzzi Bros.,* 133 Ga. App. 70, 73 (210 SE2d 16).

2. Although he was not entitled to special damages "[p]laintiff argues that he is entitled upon showing a breach of contract to recover nominal damages which would carry the costs. It is so stated in Code § 20-1409. However, our Supreme Court has ruled this does not apply in a case in which only special or punitive damages are sought. *Haber &c. Co. v. Southern Bell &c. Co.,* 118 Ga. 874 (4) (45 SE 696); *Hadden v. So. Messenger Service,* 135 Ga. 372 (69 SE 480). Plaintiff sought special damages . . . and did not pray for nominal damages. He therefore falls within the exclusion and is bound to pay court costs." *King v. Cox,* 130 Ga. App. 91, 93-94 (202 SE2d 216). ". . . [T]he rule that in every case of breach of contract the other party has the right to recover nominal damages does not apply when only special damages are sued for and these are not recoverable." *Bennett v. Assoc. Food Stores,* 118 Ga. App. 711, 716, supra; see also *Sparks Mill Co. v. Western Union Tel. Co.,* 9 Ga. App. 728, 733 (72 SE 179); *Schuler v. Dearing Chevrolet Co.,* 76 Ga. App. 570 (4) (46 SE2d 611); *Spindel v. Kirsch,* 114 Ga. App. 520, 522 (151 SE2d 787); compare *Autotax v. Data Input,* 136 Ga. App. 141, 143 (220 SE2d 456). Plaintiff having sought only damages of the "special" category (*Central Ga. Power Co. v. Fincher,* 141 Ga. 191, 192 (80 SE 645)), without a prayer for or even raising the issue of nominal damages at trial, and having failed to prove with the required specificity the amount of special damages, and having judgment properly rendered against it without raising an issue of nominal damages until its motion for new trial — this enumeration is without merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED JUNE 16, 1980 — DECIDED SEPTEMBER 10, 1980 —
REHEARING DENIED OCTOBER 8, 1980 —

*J. Matthew Dwyer, Jr.,* for appellant.

*Philip S. Coe,* for appellee.