## 64992. HASTY et al. v. RUSSELL.

McMURRAY, Presiding Judge.

Plaintiff entered into a contract with defendants for the construction of a commercial building on plaintiff's real property. The plans and specifications of the building were incorporated by reference into the contract. After construction of the building plaintiff brought this action alleging that the building, as constructed by the defendants, did not meet the specifications of either the contract or the attached plans and was so shabbily constructed that constant repairs have had to be made. Plaintiff alleged that he has suffered damages in the amount of $9,000 due to defendants' negligent construction and failure to construct the building in accordance with the contract and plans.

On the trial of the case the jury returned a verdict in favor of the plaintiff in the amount of $9,000. Judgment followed the verdict, and defendants' motion for new trial being denied, they appeal. Defendants' six enumerations of error all relate to their contention that the trial court failed to adhere to the direction given to the case by the pretrial order entered therein. *Held:*

Portions of the pretrial order relied upon by the defendants are: "1. *NATURE OF CASE:* Breach of Contract ... 4. *ISSUES:* (1) Terms of contract . . . (2) Whether building was completed according to contract . . . 7. *MEASURE OF DAMAGES — ITEMS SUED FOR:* Reasonable cost of completing the contract according to plans and specifications." Defendants rely upon *Echols v. Bridges,* 239 Ga. 25,

27 (235 SE2d 535), for the proposition that a pretrial order when entered controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. This proposition is taken directly from the statute, Code Ann. § 81A-116 (Ga. L. 1968, pp. 1104, 1106) (now OCGA § 9-11-16 (b), effective November 1, 1982). However, *Echols v. Bridges,* 239 Ga. 25, 27, supra, also acknowledges and follows the rule set forth in *Cooper v. Rosser,* 232 Ga. 597, 598 (207 SE2d 513), wherein the Supreme Court stated: "A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues. Where the question of precluding issues is raised, the matter is within the discretion of the trial judge. Where, as here, there can be no viable claim of surprise or unfairness in the court's consideration of the issue involved in the ruling, we will not conclude that the court abused its discretion under the pre-trial order. . . . See 6 Wright & Miller, Federal Practice and Procedure: Civil § 1527, pp. 608-609 (1971); 3 Moore's Federal Practice, § 16.19, p. 1132 (1974)."

The defendants argue that the plaintiff was allowed to deviate from the issues and measure of damages set forth in the pretrial order in that the trial court permitted the plaintiff to introduce evidence relating to problems with a leaking roof, toilet facilities which did not function properly and inadequate wiring. "The party was bound to do faithful work, for that is implied in every contract, whether there was a warranty or not." *Doster v. Brown,* 25 Ga. 24, 27 (4). See also *Howell v. Ayers,* 129 Ga. App. 899, 900 (1) (202 SE2d 189). We find no abuse of discretion in the trial court admitting the evidence in question as such was directly relevant to the issues set forth in the pretrial order.

We find no error in the trial court allowing the plaintiff's amended complaint which included allegations of negligence to go to the jury. The jury was correctly charged as to the issues in the case, that is, "the pleadings are not evidence or proof of what they say; they are merely the parties' claims in the case." See *B. G. Sanders & Assoc. v. Castellow,* 154 Ga. App. 433, 435 (2) (268 SE2d 695), and *Hospital Authority of Walker, Dade & Catoosa Counties v. Smith,* 142 Ga. App. 284, 288 (7) (235 SE2d 562).

The amount of damages returned by the jury does not reflect any disregard of the trial court's instructions. The evidence as to the problems with the building which needed repair and deviations from specifications of the contract was sufficient to support the verdict returned. "The jury may consider the nature of the property involved and any other facts or circumstances within their knowledge, and a verdict which exceeds or falls short of the value testified to will be sustained where there are sufficient facts in evidence from which they

may draw a legitimate conclusion, and the verdict is not palpably unreasonable under all the evidence so as to be excessive as a matter of law." *Piedmont Builders v. Fullerton,* 157 Ga. App. 126, 127 (276 SE2d 277).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

Decided February 1, 1983.

*John T. Avrett,* for appellants.
*L. Stephen Kelehear,* for appellee.