66401. BROWN TRANSPORT CORPORATION v. GUNNELL.

BIRDSONG, Judge.
Breach of Contract — Damage to Personal Property. The facts show that Walter Gunnell, Jr., signed a contract in 1977 to perform services as a leased vehicle owner and driver for Brown Transport Corp. ("Brown"), an interstate trucking shipper. There is no dispute that Gunnell was an independent contractor. He furnished the truck and driver and completely maintained the truck mechanically. He furnished all fuel and oil and antifreeze for the truck. Brown also

operated a number of trucks owned by it and operated by its employees. In late 1980, it was reported to Brown's management that some of the contract (lease) drivers were using gasoline, oil and antifreeze in their privately owned trucks but taken from the supplies intended to be used only in Brown's own vehicles. There was further indication that some deliveries were being made by employee drivers in Brown equipment but that these loads (on a tonnage reimbursement computation) were being charged by contract drivers as if the loads had been delivered by the leased drivers.

In February, 1981, Brown conducted a polygraph examination of all its employees in its Macon branch terminal. This was conducted with the consent of the employees. The examination in the case of Gunnell indicated deception in his answers to questions relating to whether he had used oil or antifreeze belonging to Brown. Three days later, Gunnell's lease contract was terminated. As an interstate vehicle, Gunnell's truck had Brown's decal and permit number on each door of the cab. When the contract was terminated, Brown's decal was scraped off the two doors by Brown employees. This procedure caused certain scratches and gouges to be made into the metal of each door. The contract of lease between Gunnell and Brown provided that either party could terminate the contract at any time upon thirty days' notice. There is no dispute that Brown did not give the requisite notice. Gunnell brought this breach of contract action seeking damages in the amount of one month's wages for the 30 days to which he claimed notice was required. He also sought in a second count damages for the tortious damage to the doors of his truck plus exemplary damages.

At the conclusion of Gunnell's evidence, Brown moved for a directed verdict for failure of proof of damages either for the month's wages or the diminution in value of the truck caused by the scratches and gouges in the truck doors. Based upon an argument that nominal damages were at least permitted, the trial court denied the motions. Again at the end of the trial, Brown moved for directed verdict. After a jury verdict in favor of Gunnell for $2,483.26 as lost earnings emanating from the breach of contract, $500 as actual damages to the door, and $5,000 as punitive damages, the verdict was made the judgment of the court. Brown then moved for judgment n.o.v. or, in the alternative, for new trial. It is the denial of these motions that forms the predicate for this appeal.

Brown enumerates as error the failure of proof to show by clear and convincing evidence the reasonable amount of one month's wages (enumerations 1-5) or the diminution in value of the truck caused by the damage to the truck doors (enumerations 6-12). He also challenges the award of punitive damages. *Held:*

1. In order to show the amount of compensation due for one month, Gunnell offered the following proof. He was compensated (in accordance with a sliding scale established in the contract) based upon the tonnage delivered. During the year 1980, Gunnell had received $32,199.15 as payment for freight delivered on behalf of Brown. Although the tonnage varied from month to month, Gunnell submitted that an average month would bring him $2,683.26, one-twelfth of the annual income. Though there was some evidence that Gunnell incurred set expenses, there is no evidence that Brown was concerned with those expenses. Brown paid a gross compensation based solely upon tonnage delivered, with Gunnell's expenses being his own problem.

Brown argued that this evidence was vague and ambiguous. Gunnell admitted he earned varying amounts each month and incurred differing expenses each month; thus Brown contends that his net profit was difficult if not impossible to ascertain. We are not persuaded by Brown's arguments. Brown does not dispute that Gunnell was paid on a tonnage delivered basis. Gunnell's costs bore no relation to Brown's obligation to pay tonnage. Brown does not dispute that over a twelve-month period Gunnell earned $32,199.15 or that one-twelfth of that amount is $2,683.26. "[W]here the business has been established . . . and there are definite, certain and reasonable data for their ascertainment, and such [payments] reasonably must have been in the contemplation of the parties at the time of the contract, they may be recovered at least for a limited reasonable future time, even though they can not be computed with exact mathematical certainty." *Mizell v. Spires,* 146 Ga. App. 330, 332 (246 SE2d 385). The fact that Gunnell may have earned less in the 30 days following the contract termination is offset by the possibility that he may have earned substantially more than the average. We are satisfied that the evidence in this case was definite and certain enough to allow the jury to ascertain the amount of lost earnings including evidence of Gunnell's reasonable operating costs, during the month following termination, and from that determine the damages suffered by Gunnell in the breach of contract. The jury's finding was less than the monthly gross and was within the range of the testimony and is not unreasonable. *Whitlock v. Mozley & Co.,* 142 Ga. 305, 307 (2) (82 SE 886); *National Health Services v. Townsend,* 130 Ga. App. 700, 702 (2) (204 SE2d 299). We find no merit in the first five enumerations of error dealing with Count 1.

2. In Count 2, Gunnell sought to recover $500 damages for the tortious damage to his truck doors plus $5,000 in punitive damages. In order to establish general damages, Gunnell offered evidence that he had obtained an estimate of repairs. However, upon an objection

to hearsay, this estimate was never admitted or otherwise brought to the attention of the jury. Next, Gunnell testified that he had offered his truck for sale for $2,500 but could only obtain (or at least he accepted) $2,000 from the purchaser. No evidence was offered that the truck had a particular market value before the damage to the doors or a differing value after the damage was inflicted. For all the evidence shows, Gunnell was unable to obtain his asking price for any number of unspoken reasons, one of which may have been the markings on the doors. In response to the motion for directed verdict by Brown, Gunnell contended that at least he was entitled to nominal damages, and so he was. However, during its charge to the jury, the trial court never mentioned or defined nominal damages for the benefit of the jury. Apparently Gunnell did not request such a charge nor did he object to its omission. Thus the possibility of an award of nominal damages was not before the jury, nor does Gunnell argue this position on appeal.

As hereinbefore indicated, Brown moved for a directed verdict at the end of the evidence and for a judgment n.o.v. and a new trial after the verdict of the jury. It is our conclusion that the trial court erred in not entering judgment n.o.v. in favor of Brown as to Count 2. " 'When the plaintiff seeks recovery for damages to an automobile, he may claim the reasonable value of repairs made necessary by the accident, together with hire on the vehicle while rendered incapable of use, and the value of any permanent impairment, provided the aggregate amount of these items does not exceed the value of the automobile before the injury with interest thereon. [Cits.] We understand the cases just cited to mean that property damages may be proved in accordance with the above stated rule as an alternative to proof establishing the difference in the value of the property before the injury and afterwards, which is also a measure of property damages. [Cit.]' " *Davis v. Sotomayer,* 149 Ga. App. 224 (253 SE2d 782); *Globe Motors v. Noonan,* 106 Ga. App. 486, 490 (7) (127 SE2d 320).

In this case Gunnell did not have his truck repaired, nor did he offer any competent evidence of the reasonable value of repairs made necessary by the accident. His claim for damages therefore must fail based upon the theory of "cost of repairs." *Davis v. Sotomayer,* supra. Similarly, Gunnell did not prove the amount of damages based upon the difference of market value before and after the accident. Though there was evidence that Gunnell sold his truck for $500 less than he wanted, this in no way established the market value before or after the damage to the doors nor how much of the reduction in value of the truck, assuming such, was attributable to the damage to the doors. The question of damages cannot be left to speculation, conjecture and guesswork. *Development Corp. of Ga. v. Berndt,* 131 Ga. App.

277, 278 (205 SE2d 868). Gunnell failed in his burden of showing the diminution in value to his truck in a manner in which the trier of fact could calculate with a reasonable degree of certainty. *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512). Thus, we must conclude that the jury's verdict for $500 general damages was not supported by competent evidence and could not withstand a motion for directed verdict as to that issue. *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663). It follows that inasmuch as the evidence does not support the verdict for $500 general damages, there likewise was no support for the award of $5,000 punitive damages, for exemplary damages may not be awarded in the absence of a valid award for general damages. *Haugabrook v. Taylor,* 225 Ga. 317, 318 (168 SE2d 162). There is merit therefore in enumerations 6-12. Accordingly, the judgment of the trial court as to Count 2 cannot stand. Based upon the foregoing, we will affirm the judgment as to Count 1 but reverse the judgment as to Count 2.

*Judgment affirmed in part and reversed in part. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 9, 1983.

*H. Lowell Hopkins, Patrick J. McKenna, Joseph W. Popper, Jr.,* for appellant.
*John D. Carey, Kathryn Weigand,* for appellee.