69496. ACKLEY et al. v. STRICKLAND.
(328 SE2d 549)

CARLEY, Judge.
In the instant case, Mrs. Eileen Ackley appeals in two different

capacities, individually and as the executrix of her husband's estate. The lawsuit, as originally filed, was brought by Mrs. Ackley and her husband. The complaint alleged that appellee had "intentionally and maliciously caused damage to [the Ackleys'] automobile . . . ." The amount of $1300 was sought as "compensatory damages," and there was also a prayer for punitive damages. When Mr. Ackley died prior to trial, appellant entered the case in her additional capacity as executrix.

The case proceeded to trial before a jury. At the close of appellant's evidence, appellee moved for a directed verdict on the ground that appellant's evidence as to damages was not sufficient to authorize the submission of the case to the jury. See generally *Brown Transport Corp. v. Gunnell*, 167 Ga. App. 833, 835 (2) (307 SE2d 727) (1983). In opposing appellee's motion, appellant asserted that, under the evidence, the jury would be authorized to award nominal damages. After a colloquy between counsel and the trial court as to the recoverability of nominal damages, the court ruled: "No, that's not an issue . . . . The pretrial order covers that." A verdict for appellee was then directed. Appellant appeals.

Appellant does not contend that her evidence was sufficient to show the difference in the market value of the automobile before and after it was allegedly damaged by appellee. See *Reed v. Piper*, 145 Ga. App. 75 (243 SE2d 257) (1978). She does assert that, under the evidence, she had presented a viable claim for nominal damages and that the direction of a verdict for appellee was accordingly erroneous. See *Bradley v. Godwin*, 152 Ga. App. 782 (264 SE2d 262) (1979). Appellee's response is that appellant was limited to seeking a recovery of special damages only, and therefore, she was not entitled to have the case submitted to the jury for consideration of an award of nominal damages. See *Solon Automated Services v. Pines Assoc.*, 156 Ga. App. 34, 35 (2) (274 SE2d 12) (1980).

"[U]nder the Civil Practice Act it is not necessary to pray specifically for general or nominal damages in order to present a question for the jury as to nominal damages." *Bradley v. Godwin*, supra at 788. All that is now "necessary [is] that the plaintiff raise the issue *during the trial* so that it may be presented to the jury." (Emphasis supplied.) *Solon Automated Services v. Pines Assoc.*, supra at 893 (addition to original opinion on rehearing). Contrary to appellee's contentions, an assertion of the potential recoverability of nominal damages made in the context of a hearing on a motion for directed verdict is a timely raising of the issue "during the trial." See generally *Bradley v. Godwin*, supra (directed verdict for defendant reversed where plaintiff, in hearing on motion, had stated "in more than one instance that at least nominal damages would be recoverable in any event"); *Brown Transport Corp. v. Gunnell*, supra (issue timely raised in hearing on

motion for directed verdict but held waived by *subsequent* failure to request a charge or to object to failure to charge as to the issue). Compare *Solon Automated Services v. Pines Assoc.*, supra (issue waived where not raised until motion for new trial). Since the sole purpose of a hearing on a motion for directed verdict is the determination of whether there are any jury issues in a case (see generally *Walker v. Bush*, 234 Ga. 366 (216 SE2d 285) (1975)), such a hearing is certainly not an inappropriate time "during the trial" at which to urge the recoverability of nominal damages.

Thus, the true question is whether the existence of a pre-trial order in the instant case is a bar to appellant's reliance upon the general rule that the recoverability of nominal damages is otherwise timely raised as a jury issue when asserted in opposition to a motion for directed verdict. A pre-trial order, "when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b). Thus, an issue that is clearly outside the scope of a pre-trial order is generally not a viable issue in the trial of the case. See *Gilbert v. Meason*, 145 Ga. App. 662 (1) (244 SE2d 601) (1978) (exclusion of evidence proper where party seeking its admission did not first seek modification of pre-trial order). But see *Carreras v. Austell Box Bd. Corp.*, 154 Ga. App. 135, 138 (267 SE2d 792) (1980) (that an issue was not covered in pre-trial order is not controlling if evidence is introduced without objection, the opposing party is not surprised, and the issue is actually litigated).

However, our initial determination must be whether the issue of nominal damages *was* within the scope of the pre-trial order in the instant case. Nominal damages constitute "a species of general damages. [Cits.]" *Bradley v. Godwin*, supra at 784. " 'General damages are those which the law *presumes* to flow from a tortious act and may be awarded without proof of any specific amount to compensate (the claimant) for the injury done him. [Cit.] [T]he law *infers* some damage from the invasion of a property right and if no evidence is given of any particular amount of loss, declares the right by awarding what it terms nominal damages. [Cits.]' " (Emphasis supplied.) *Avery v. K.I., Ltd.*, 158 Ga. App. 640, 641 (281 SE2d 366) (1981). See also *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 190 (3) (232 SE2d 62) (1977); *Marshall v. Ga. Power Co.*, 134 Ga. App. 479, 480 (4) (214 SE2d 728) (1975). Thus, a plaintiff's right to recover nominal damages depends *only* upon whether the defendant's "liability [has] been established . . . ." *Avery v. K.I., Ltd.*, supra at 641.

The pre-trial order in the instant case clearly encompassed the issue of appellee's liability for a tortious invasion of the property rights of appellant. Included in this issue, implicitly even if not explicitly, was appellant's right to recover at least nominal damages upon proof of that invasion by appellee. The pre-trial order did not

specifically state that nominal damages would *not* be a viable issue in the case. " 'A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues.' " *Hasty v. Russell*, 165 Ga. App. 276, 277 (300 SE2d 317) (1983). As thus construed, the pre-trial order was not a bar to the submission of the issue of nominal damages to the jury.

"[T]here is no doubt that reversal and new trial [are] required when the failure to award nominal damages [is] attributable not to verdict of the finder of fact but to the court . . . . 'We are not . . . aware of any precedent authorizing the trial court to deprive a plaintiff of his right, in the first instance, to recover such damages. To so hold would put it within the power of trial judges to prevent, in any case, a recovery of nominal damages, and thus render the law authorizing the recovery of such damages practically inoperative.' [Cits.]" *Bradley v. Godwin*, supra at 785-786. We construe this to mean that, in a tort case in which the recoverability of nominal damages is raised "during the trial," it is error for the trial court to refuse to submit that issue to the jury, solely on the ground that such damages have neither been specifically pled nor specifically referred to in the pre-trial order. Accordingly, the judgment in the instant case must be reversed.

*Judgment reversed. Beasley, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 25, 1985 —
REHEARING DENIED MARCH 12, 1985 —

*J. Hue Henry, Martha M. Pearson*, for appellants.
*David R. Montgomery*, for appellee.